ASAHEL M. SHURTLEFF *vs.* JOHN A. POTTER.

Suffolk.    March 16, 1910. — June 25, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Tax,* Sale for non-payment. *Deed,* Under tax sale.    *Words,* "Newspapers."

In seeking to establish a title to land based on a tax sale, every requisite prescribed
by the statute under which the sale was made must be followed with the strict-
est accuracy, and a departure from the statutory requirements is none the less
fatal because it was reasonable or because it was slight.

In seeking to establish a title to land based on a sale for non-payment of taxes as-
sessed in 1892, when St. 1888, c. 390, § 35, was in force, which required that the
advertisement of the sale should be published "three weeks successively in some
newspaper published in the city or town where the premises to be sold for taxes
are situated, if there is such newspaper, and, if not, then in a newspaper printed
in the county where the real estate lies," it being provided in § 43 of the same
statute that the deed should state "the newspaper in which the advertisement
of the sale was published," if it appears that the sale was advertised in two news-
papers instead of one and that the expense of such advertising was added to the
amount of the tax, the sale was invalid and the title fails, in spite of the use of
the word "newspapers" in St. 1889, c. 334, § 3, providing for a charge or fee of
the cost "for advertisement of sale in newspapers," the word "newspapers" in
that section being construed to mean copies of the newspaper in which the ad-
vertisement was inserted.

In seeking to establish a title to land based on a sale for non-payment of taxes as-
sessed in 1895, if it appears that the amount of the tax was $44.80 and that in
the notice of the sale it was stated to be $44.30, the sale was invalid and the
title fails.

PETITION, filed in the Land Court on September 22, 1906, for
registration of the title to a tract of land on the northeasterly
side of Windsor Street in that part of Boston called Roxbury.

In the Land Court the case was referred to Henry M. Spel-
man, Esquire, as master. Later the case was heard by *Davis,* J.,
upon the master's report and exceptions thereto, and also on cer-
tain evidence introduced by the respondent, which was uncon-
troverted and which the judge found to be true. The respondent
claimed under two tax deeds given respectively under sales for
the non-payment of taxes assessed for the years 1892 and 1895.
The judge overruled the exceptions to the master's report, con-
firmed that report, and ordered that a decree be entered for the
petitioner. At the request of both parties, the judge reported
the case for determination by this court. If the rulings of the

judge were right, a final decree for the petitioner was to be entered as ordered; otherwise, there was to be such a disposition of the case as this court might direct.

The case was submitted on briefs.

*C. C. Barton & C. C. Barton, Jr.,* for the petitioner.

*F. E. Crawford,* for the respondent.

LORING, J. It is conceded that the petitioner must prevail unless one of the two tax titles set up by the respondent is valid.

The Land Court ruled (1) that the tax title based on the assessment in 1892 was invalid because the sale was advertised in two newspapers in place of one newspaper, and the expense of that advertisement was added to the amount of the tax; and (2) that the tax title based on the assessment in 1895 was invalid because the amount of the tax was in fact $44.80, while in the notice of sale it was stated to be $44.30.

As to the tax title based on the assessment in 1892: The act in force at that time regulating the advertisement of tax sales was St. 1888, c. 390, § 35. That act provided that the advertisement was to be: " Three weeks successively in some newspaper published in the city or town where the premises to be sold for taxes are situated, if there is such newspaper, and, if not, then in a newspaper printed in the county where the real estate lies." Unless there is something to control it, this means that the sale is to be published in some one newspaper. So far from this result being controlled by other provisions, it is confirmed by § 43 of the same act (St. 1888, c. 390, § 43). That section provides that the deed shall state " the newspaper in which the advertisement of the sale was published."

The act in force prescribing the charges and fees allowed to the collector (which are to be added to the amount of the tax) was St. 1889, c. 334, § 3. That provides for a charge or fee: " For advertisement of sale in newspapers, the cost thereof." The provision in the Public Statutes (Pub. Sts. c. 12, § 36) and in St. 1888, c. 390 (§ 41), is " for advertisement in newspaper, the actual cost of the same." We have no means of knowing why the change was made from " newspaper " in Pub. Sts. c. 12, § 36, and St. 1888, c. 390, § 41, to " newspapers " in St. 1889, c. 334, § 3. No change however was made in the statutes

(which we have referred to) regulating the advertisement to be made and providing that the sale should be advertised in some one newspaper. It cannot be held under these circumstances that there was a change in the law providing what advertisement was to be made, and it must be held that the word " newspapers " in St. 1889, c. 334, § 3, is to be construed to mean copies of the newspaper in which the advertisement was inserted.

We cannot accede to the argument that the statutes prescribe the minimum of the advertising which the collector is to make, and that any advertisement in addition to that which the court thinks reasonable is warranted. The sale of an owner's property for non-payment of taxes is *strictissimi juris,* and every requisite prescribed by the statute must be complied with. See *Charland* v. *Home for Aged Women,* 204 Mass. 563. In such cases there is no question of the reasonableness of the departure from the statutory requisites. If there is a departure from them the tax title is invalid.

We are therefore of opinion that the ruling of the Land Court as to the tax title based on the assessment of 1892 was correct.

As to the tax title based on the assessment made in 1895: The respondent's contention here is that where the amount of the tax stated in the notice of the sale is larger than the real amount of it the sale is void, but if it is less the sale is good. His argument in support of this contention is that the owner is prejudiced when the notice of sale calls for more than is due, but is not prejudiced when it calls for less. We do not stop at the fact that the notice is not for the benefit of the owner alone, (see *Alexander* v. *Pitts,* 7 Cush. 503, 505, 506,) for the real answer to this contention is that the authority of the collector is a limited one to sell for the amount assessed after giving notice by advertisement of his intention to sell for that amount. In *Alexander* v. *Pitts, ubi supra,* where the amount stated in the notice was greater than the assessment by seventy-eight cents, the collector in fact sold for the amount of the assessment. In the case at bar he appears to have sold for less than the amount of the assessment. He had no authority to do that. It is not possible to adopt the reasoning of the respondent that a slight variation by the collector from the authority vested in him will be disregarded. The difference in the case at bar is but fifty

cents.   But if that departure from the exact authority of the collector is allowed in the case at bar the difficulty will be to draw the line between the case at bar and other cases involving a greater departure.   As we have said before, the authority to sell the property of an owner for non-payment of taxes is *strictissimi juris*, and there is no room for the allowance of any departure, reasonable or unreasonable, from the requisites prescribed by the statutes.   See in this connection *Knowlton* v. *Moore*, 136 Mass. 32; *Lancy* v. *Snow*, 180 Mass. 411; *Hurd* v. *Melrose*, 191 Mass. 576.

*Decree affirmed.*