CARL F. KOCH *vs.* FRANK R. AUSTIN.

Essex.    October 18, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Tax*, Sale of real estate for non-payment of.    *Demand.*

Under St. 1909, c. 490, Part II, § 14, no demand for the payment of a tax is required to be made upon a non-resident owner of real estate as a condition precedent to a sale of the real estate for non-payment of the tax.

A collector's deed upon a sale of real estate for non-payment of taxes is void, if among the costs, for the payment of which with the amount of the unpaid tax, interest and charges the sale was made, was included a charge of twenty cents for "demand" upon the person appearing of record as the owner of the real estate, if such person was a non-resident.

WRIT OF ENTRY dated November 2, 1915, to recover certain land in Saugus.

· In the Land Court the case was tried before *Davis*, J., whose ruling and finding for the tenant are stated in the opinion. The demandant alleged exceptions.

The case was submitted on briefs.

*S. H. Hollis*, for the demandant.

*A. W. Eldredge & F. L. Peirce*, for the tenant.

PIERCE, J.    This is a writ of entry to recover land in Saugus. The demandant claims title under a tax collector's sale of the premises as unredeemed real estate made under St. 1909, c. 490,

Part II, § 68. The tenant is a mortgagee claiming under one Briggs, the person appearing of record on April 1, 1911, as the owner thereof.

Taxes for the year 1911 were assessed to Briggs, a non-resident of Saugus. On March 16, 1912, the collector of taxes made a written demand on Briggs for payment of the taxes. The taxes remaining unpaid for more than fourteen days after the demand, the collector advertised the land for sale for the payment of the taxes with interest and all legal costs and charges on September 27, 1912. No person appearing at the sale and bidding an amount equal to the taxes, interest, costs and charges, the collector after the adjournments required by law on October 3, 1912, purchased the estate for the town of Saugus. Among the costs, for which the sale for the taxes of 1911 was made, was included a charge of twenty cents for "demand." The collector in 1911 was and since that time has been paid a commission in lieu of a salary, and under the provisions of St. 1909, c. 512, was entitled "to charge a fee of twenty cents for making the written demands provided for by law." The judge ruled that the sale for the taxes of 1911 was rendered invalid by reason of including among the costs for which the sale was made the charge of twenty cents for demand, and ordered judgment for the tenant. To this ruling the demandant excepted.

The only question presented is whether a demand on a non-resident record owner of land is provided for by law, and is a condition precedent to a valid sale of the land of that owner for the non-payment of taxes duly assessed thereon.

St. 1794, c. 68, and all subsequent statutes down to and including St. 1888, c. 390, § 33, provided in substance that demand of payment before the estate is sold shall be made upon the attorney of a non-resident owner, if that owner previously to the assessment of a tax gives a written authority to some inhabitant of the place as his attorney, to pay the taxes imposed on such estate, and the authority is filed with, or recorded by, the clerk of the place; "otherwise, no demand need be made of payment of taxes assessed on the real estate of non-resident owners." The provision requiring a demand to be made upon an attorney duly authorized to pay the taxes imposed on the estate disappeared with the enactment of St. 1889, c. 334, which was an act to amend St. 1888,

c. 390, and was not re-enacted in the codification of the laws relating to taxation in St. 1909, c. 490, Parts I and II. The provision that "No demand need be made of a non-resident owner of real estate" was retained in St. 1888, c. 390, and in the codification of St. 1909, c. 490, Part II, where it is found in § 14.

At the sale no statute provided for a demand upon a non-resident owner or upon any attorney as a condition to the validity of the proceedings. *Lynde* v. *Malden*, 166 Mass. 244. The fact that the law requires a demand of payment before arrest of the person or the distraint of property, St. 1909, c. 490, Part II, §§ 21, 27, 33, and the further fact that the remedies are cumulative, *Boston* v. *Turner*, 201 Mass. 190, do not authorize by implication the addition to legitimate costs and charges incurred in the prosecution of one remedy costs and charges arising in the pursuit of another remedy, as, for illustration, the addition of those attending collection by suit to those incurred by distress. Nor does the fact that a demand may be to the benefit of the non-resident owner change the rule that only such charges may be made as are clearly authorized by law. *Shurtleff* v. *Potter*, 206 Mass. 286. *Charland* v. *Home for Aged Women*, 204 Mass. 563.

It follows that the charge for the demand was not provided for by law, that the sale was invalid and that the exceptions are overruled.

*So ordered.*