ANNIE M. KELLY *vs.* JOHN O'ROURKE.

Middlesex.    January 8, 1919. — February 26, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax*, Sale for non-payment. *Interest.*

Under R. L. c. 12, § 72, unless a city votes by its city council that on all taxes assessed therein "remaining unpaid after a certain time interest shall be paid at a specified rate, not exceeding six per cent a year, and such interest shall be added to and be a part of such taxes," the collector of taxes of the city has no authority to charge interest on an unpaid tax, and, if he does so in making a sale of land for non-payment of the tax, the tax becomes invalid and the sale is void.

PETITION, filed in the Land Court on November 28, 1916, for the registration of the title to certain land on Washington Street and Neshobie Road in Newton.

The case was referred to a master and later was heard by *Corbett*, J., upon the master's report and an exception of the petitioner thereto as stated in the opinion. The judge made a decree ordering that the master's report be confirmed and that the petition be dismissed. The petitioner appealed. The only question raised by the appeal is stated in the opinion.

*C. Hunneman*, for the petitioner.

*A. W. Eldredge*, for the respondent.

PIERCE, J. This is a petition to register title to a parcel of land in the city of Newton. The petitioner claims title under certain deeds given by the collector of taxes of Newton in pursuance of sales for non-payment of taxes assessed upon said parcel for the years 1904 and 1905. The master to whom the case was referred found that in the case of each tax sale interest had been charged

on the tax as assessed, and ruled that such interest charge was improper and the tax thereby invalid. The judge of the Land Court overruled the petitioner's exceptions, confirmed the master's report and ordered the petition dismissed.

The petitioner duly excepted to the ruling of the judge "that the city of Newton had not fixed a time within which the taxes assessed upon the locus for the years 1904 and 1905 should be paid, and that by reason of such omission the charge for interest which had been added by the collector of taxes to the tax in each of those years was improper, and that the petitioner's tax deeds were thereby invalid." R. L. c. 12, § 72, the only authority (in effect when the taxes were assessed and the tax sales made), given to a city to charge interest on unpaid taxes, reads: "If a city, a town or fire, water supply or improvement district fixes a time within which taxes assessed therein shall be paid, such city by its city council, and such town or district at the meeting when money is appropriated or raised, may vote that on all taxes remaining unpaid after a certain time interest shall be paid at a specified rate, not exceeding six per cent a year, and such interest shall be added to and be a part of such taxes." As regards the authority given to cities to charge interest on taxes unpaid after a certain time, R. L. c. 12, § 72, is a re-enactment of Pub. Sts. c. 11, §§ 67, 68, which in substance reproduced St. 1873, c. 225, and St. 1878, c. 185. Each of the statutes referred to provides in substance that when a city or town has fixed a time within which taxes assessed therein shall be paid, "such city by its city council . . . may vote that, on all taxes remaining unpaid after a certain time, interest shall be paid at a specified rate. . . ."

In 1883 c. 5, § 2 of the ordinance of the city of Newton read: "All taxes shall be paid prior to the first day of November in each year. . . ." This ordinance continued in force until repealed by the ordinances of 1898, which were in effect in 1904 and 1905. Chapter 1, § 1, reads: "The ordinances contained in this chapter, and in the chapters following, shall be known as the Ordinances of 1898, and, so far as their provisions are the same in effect as those of previously existing ordinances, they shall be construed as a continuation of such ordinances; but subject to such limitations and the provisions of the next section, all ordinances of the city heretofore in force are hereby repealed, provided that this repeal

shall not apply to or affect any ordinance heretofore adopted accepting or adopting the provisions of any statute of the Commonwealth." Chapter 6, § 2, reads: "The board of assessors shall make out and deliver to the city collector, on or before the first day of September in each year, lists of all taxes assessed, the tax bills and notices of same properly numbered for identification, together with a warrant for the collection of the sums named therein. On or before the first day of every ensuing month they shall deliver lists of all additional or supplementary assessments made during the preceding month, the tax bills and notices of same likewise numbered, together with warrants for their collection." Chapter 8, § 4, reads: "The treasurer, whenever an account is delivered to him for collection, as hereinbefore provided, shall forthwith demand payment of the same; if any such account remains unpaid after three months, he shall proceed to collect the same by legal process, and this he may do at any time before the expiration of said three months if, in his judgment or the opinion of the city solicitor, the interests of the city so require."

On November 23, 1903, and November 21, 1904, being dates when appropriations for those years were made, the city council of Newton relative to the taxes for 1904 and 1905 respectively, passed a vote which was identical, except as to the year to which it was applicable, in the following forms: "In pursuance of the authority of Chapter 12, Section 72, of the Revised Laws, that on all taxes assessed for the purpose of providing for the expenditures of the City of Newton and for paying the City's proportion of the State and County Tax for 1904, and remaining unpaid on the first day of November, 1904, interest shall be charged at the rate of six per cent per annum, provided however that the taxes assessed by authority of Chapter 14 of the Revised Laws upon the shares of National Banks, shall be due and payable on the first day of November, 1904, and interest shall be charged as provided in said Chapter 14 upon all such taxes as remain unpaid after that date at the rate of twelve per cent per annum. (Sect. 9 & 10, Chap. 14.)" These statutes clearly point out that the city council must fix a point of time at which or before which the taxes assessed shall be paid as a condition precedent to its right to provide, in pursuance of the authority of R. L. c. 12, § 72, that on all taxes unpaid after a certain time interest shall be paid at a specified rate.

The vote of the city council above quoted makes no provision for the payment of ordinary municipal taxes on or before a day certain. The provision therein that taxes assessed by authority of R. L. c. 14, §§ 9, 10, upon the shares of national banks shall be due and payable on the first day of November, 1904, cannot have the effect of making all assessed taxes due and payable on November 1, 1904, as argued by the petitioner.

It follows that the ruling was clearly right, *Shurtleff* v. *Potter*, 206 Mass. 286, *Koch* v. *Austin*, 225 Mass. 215, and the exceptions must be overruled.

*So ordered.*