ROBERT L. STUDLEY *vs.* ELBERT S. KIP & others.

Barnstable.    April 11, 1923. — May 24, 1923.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Land Court*, Decree.    *Res Judicata.*    *Way*, Private.

A decree of the Land Court registering the title to certain land to the centre
of a private way twenty feet wide is not open to attack in a petition sub-
sequently filed by a successor in title to one, who at the time of the entry
of the decree owned land abutting upon that therein described at the centre
of the way and who had notice of the pendency of the previous petition
and had defaulted in those proceedings, although such subsequent petitioner
can prove that his predecessor in title was informed and believed that
the claim of the previous petitioner was for only a twelve foot right of way,
that for that reason he offered no objection to the registration of the previous
petitioner's title, that the previous petitioner offered no evidence, and that
the private way had " only been used . . . for twelve feet wide for a very
long period of time both before and after the " decree.

PETITION, filed in the Land Court on December 22, 1920,
for the registration of the title to land in Falmouth.

The petition was heard by *Davis*, J.    Material facts are
described in the opinion.    To the ruling of the judge of the
Land Court described in the opinion, the petitioner alleged
exceptions.

The case was submitted on briefs.

*G. A. Sweetser*, for the petitioner.

*H. R. Morse & O. C. Boothby*, for the respondent Kip.

CARROLL, J.    The petitioner is the owner of a tract of
land, bounded northerly by a way called Girard Avenue
and westerly by Hiawatha Avenue, in the town of Falmouth.
The respondent Kip owns the adjoining land on the westerly
side of Hiawatha Avenue.    In 1904, by a decree of the Land
Court in the case of Kip, petitioner, there was registered as
appurtenant to his land a right to use the whole of the way
called Hiawatha Avenue " in common with others entitled
thereto."    This way was twenty feet wide; the boundary
line between the Studley and Kip estates being in the
middle of the way; the Kip land was subject to the rights of

and lawfully entitled to use the twenty foot way. In the petition brought by Kip he specifically claimed an appurtenant right of way in the twenty foot strip. Citation was duly served on the then owner of the Studley land, who appeared, but did not contest, and was defaulted for failure to file an answer.

In the present case the petitioner Studley admits a right of way over a six foot strip only, on Hiawatha Avenue on the easterly side of the middle line thereof; and claims as appurtenant a right of way over a similar six foot strip on the Kip land, and offered " to show that Hiawatha Avenue has in fact been for many years twelve feet wide " " extending easterly from the westerly boundary of the right of way . . . to land of the petitioner " and extending " from Vineyard Sound to Clinton Avenue, that this right of way has only been used as such and for twelve feet wide for a very long period of time both before and after the registration of the " Kip title. He also offered to show that his predecessor in title, one Monahan, who was the owner when Kip registered his title, was informed and believed that the claim of Kip was only for a twelve foot right of way; that because of this fact he offered no objection to the registration of Kip's land, and that no evidence was offered by Kip. The court ruled that the petitioner could not introduce this evidence so far as the rights of the Kip estate are concerned, to which ruling the petitioner excepted. It was further decided that the former decree in the Kip case determined the rights of Studley and Kip in the land in question, and that there is appurtenant to the Kip land a right of way over a ten foot strip of the petitioner's land easterly of the middle of Hiawatha Avenue.

The petitioner's predecessor in title who owned the land when the former decree in the Kip case was entered, was duly notified, of the proceedings; his land was bound by that decree and the petitioner who claims under him took the land subject to the rights of the parties as determined in the former decision. G. L. c. 185, § 45. *Briggs* v. *Treasurer & Receiver General*, 224 Mass. 46. *Allison* v. *Donovan*, 244 Mass. 233.

It is immaterial in this proceeding what induced the petitioner's predecessor in title to refrain from contesting the Kip petition, or the construction put on the earlier deeds by the Land Court. The decree is conclusive: the petitioner and the respondent Kip are bound by it.

*Exceptions overruled.*