FRED W. WOOD, trustee, *vs.* MARION A. WILSON & others.

Norfolk.    March 16, 1926. — June 5, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Tax,* Sale; *Deed:* recording.   *Way,* Private.

A charge by a collector of taxes, selling land in 1910 for the collection of taxes thereon, of $2.20 for "deed, affidavit and acknowledgment" is twenty cents in excess of the charge allowed by St. 1909, c. 490, Part II, § 13, and a sale for the collection of taxes and charges including such item was invalid.

The requirement of St. 1909, c. 490, Part II, § 44, that a collector's deed conveying title after a sale for the collection of taxes "shall not be valid unless recorded within thirty days after the sale," means thirty days after the auction sale and not after the date of delivery of the tax deed.

An assessment of a tax upon an entire tract of land to one who owns but a specific part of it, and a sale based thereon, are invalid.

PETITION, filed in the Land Court on January 17, 1924, for the registration of the title to certain land on Quincy Shore Drive in Quincy.

In the Land Court, the case was referred to a master. Material facts found by the master are stated in the opinion. The case was heard upon the master's report by *Davis,* J., who ruled that the tax sale upon which the respondent relied was invalid by reason of the collector's charges; that the mere

fact that the collector's deed was not recorded within thirty days of the auction sale did not render it invalid; that "sale" in St. 1909, c. 490, Part II, § 13, meant sale as consummated by the delivery of the deed; and that the assessment to Brown upon which the tax sale was based was invalid.

The decision by the judge as to the right of way, referred to in the last paragraph of the opinion, was a conclusion of fact based on facts found by the master.

In the Land Court, a decree was ordered "for the petitioner, subject to a right of way to and from the respondent's lot A and the Quincy Shore Drive as located by the existing steps." The respondent appealed.

*G. W. Abele,* for the respondent Wilson.

*O. C. Boothby,* (*A. G. McVey* with him,) for the petitioner.

CARROLL, J. This is a petition to register title to land in Quincy. The parcel in question is shown as Lot D on a plan filed in a prior case for registration of title of a tract which included this parcel. In the earlier case it was decided that the petitioner (the respondent in the present case) did not have title to Lot D. It was held, however, that certain rights of way were granted by the deed. The petitioner in the case before us showed title to the parcel involved, except in so far as the title is affected by the tax deed to the respondent and the right pertaining to Lot A. The decree in the prior case is conclusive; it is *res judicata* upon all questions which were adjudicated by the Land Court. *Studley* v. *Kip,* 245 Mass. 242. The disputed question is the validity of the tax deed. It appeared that the land was sold for taxes, to one Brown, at auction September 7, 1910. A collector's deed was delivered to Brown. It was recorded October 25, 1910. In 1920 Brown gave a quitclaim deed to Wilson, the respondent.

The master to whom the case was sent, found that the tax title was invalid because the charge for the "deed, affidavit and acknowledgment" was $2.20, and the excess charge of twenty cents was without any warrant in law. The judge of the Land Court was right in deciding that the master was correct in ruling as he did, that the tax title was invalid because of the unlawful charge. St. 1909, c. 490, Part II, § 13. The statute governs the amount of charges and it

cannot be departed from even if the total charge was not in excess of the amount allowed by the statute. If there was any error in the charge, the title was not valid, as a sale of a person's property for nonpayment of taxes must be conducted in strict compliance with the law and every requisite of the statute must be complied with. *Shurtleff* v. *Potter*, 206 Mass. 286. *Koch* v. *Austin*, 225 Mass. 215. *Kelly* v. *O'Rourke*, 232 Mass. 168. *Welch* v. *Haley*, 224 Mass. 261, is not in conflict. In that case the error was merely in the computation of interest. Such an error did not make the sale void.

The tax deed was not recorded until more than thirty days after the auction sale. St. 1909, c. 490, Part II, § 44 requires that the deed of the collector of taxes shall not be valid unless recorded within thirty days after the sale. This provision of the statute is clear; it is mandatory; it requires that the deed must be recorded within thirty days after the auction sale, and the collector's deed does not convey title unless this requirement is complied with. The judge of the Land Court was in error in ruling that the thirty days does not begin to run until the deed is delivered. *Beal* v. *Attleborough Savings Bank*, 248 Mass. 342, had reference to a sale under a foreclosure of a mortgage. It had nothing to do with the provisions of the tax statute. The question involving the tax statute was not considered and was not material. That case is in no way applicable to the statute under consideration. The deed was not recorded within the time required and for this reason was invalid.

Brown, to whom the taxes were assessed, was not the owner of the whole of the land assessed, which comprised lots A, C and D. He did own a specific part. The entire tract could not be assessed to one who owned but a specific portion of it. *Lancy* v. *Boston*, 186 Mass. 128. Because of this assessment to Brown as the owner of the entire tract, the tax sale was invalid.

There was no error in deciding that there was a right of way to and from the respondent's Lot A and the Quincy shore drive, as located by existing steps.

The decision of the Land Court is affirmed.

*So ordered.*