CITY OF FALL RIVER *vs.* CONANICUT MILLS & another.

Bristol.   October 28, 1935, January 27, 1936. — March 30, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA. JJ.

*Tax,* Sale.

By reason of the last sentence in § 37 of G. L. (Ter. Ed.) c. 60, a violation of § 44 of that chapter by consecutive adjournments of a tax sale for a period "exceeding seven days in all" did not render the sale invalid where it appeared that such violation could not have misled or harmed anybody and that it "was for the benefit of the land owner."

PETITION, filed in the Land Court on September 14, 1931.

A decision was rendered by *Davis,* J., declaring valid the tax sale to which the petition related. The respondents appealed.

*S. Maylor,* for the respondent Conanicut Mfg. Co.

*G. L. Sisson,* Corporation Counsel, for the petitioner, submitted a brief.

*S. S. Dennis,* by leave of court, submitted a brief as *amicus curiae.*

QUA, J.   This is a petition brought under G. L. c. 60, § 65, for the foreclosure of all rights of redemption under a tax sale.   The respondent Conanicut Mfg. Co. contends that

the tax lien is invalid, because the collector adjourned the sale to a time later than seven days after the time specified in the notice in violation of G. L. c. 60, § 44.

The sale was advertised for September 1. On that day, no bidder appearing, the collector adjourned the sale until September 8, and on September 8, there being still no bidder, he adjourned it again until September 15, on which day the sale took place. Section 44 provides that "The collector may adjourn the sale from time to time not exceeding seven days in all . . . ." This means that the aggregate of all adjournments must not bring the actual sale later than seven days after the date specified in the notice. This is the natural meaning of the language used. The history of the section confirms it. Rev. Sts. c. 8, § 30. R. L. c. 13, § 42. No serious contention is made to the contrary. The collector violated said § 44. See *Oakham* v. *Hall*, 112 Mass. 535, 539.

But it does not necessarily follow that the sale was invalid. Section 37 of said c. 60 contains a provision that "No tax title shall be held to be invalid by reason of any errors or irregularities in the proceedings of the collector which are neither substantial nor misleading." The real question in the case is whether this section saves the sale.

In general, tax laws are construed strictly in favor of the taxpayer. *Collector of Taxes of Boston* v. *Revere Building, Inc.* 276 Mass. 576. Before the enactment of what is now that part of § 37 just quoted, this principle had been carried so far in relation to tax sales of real estate that failure to comply with statutory requirements, even in minute particulars, invalidated the sale. *Charland* v. *Home for Aged Women*, 204 Mass. 563, 567. *Shurtleff* v. *Potter*, 206 Mass. 286. *Conners* v. *Lowell*, 209 Mass. 111. *Koch* v. *Austin*, 225 Mass. 215. The purpose of the enactment was to mitigate the severity of this rule as to errors and irregularities which were neither substantial nor misleading. It was part of an important revision of the law by which fundamental changes were made in the effect of sales for collection of taxes. St. 1915, c. 237. See now G. L. (Ter. Ed.) c. 60, § 64 *et seq.* This clause appeared in § 17 of the

1915 act. After that revision the sale no longer transferred title at once to the purchaser, but gave him merely a lien which could be enlarged into a complete title only after proceedings in court for foreclosure of the right of redemption. §§ 1, 3, 4. *Jenney* v. *Tilden,* 270 Mass. 92, 94. Those changes in the statutes might be thought to give additional protection to the taxpayer, so that the former strictness could be relaxed. This does not mean that this provision, which now appears at the end of the present § 37 (see St. 1935, c. 269), renders useless or nugatory all those requirements of law, failure to observe which could be found to be neither substantial nor misleading, but it does mean that, when this part of § 37 applies, such requirements become directory in character and cease to be conditions precedent to a valid sale. Similar instances are not uncommon in the law. *Torrey* v. *Millbury,* 21 Pick. 64, 67. *Clemens Electrical Manuf. Co.* v. *Walton,* 168 Mass. 304. *Cheney* v. *Coughlin,* 201 Mass. 204, 211. *Clancy* v. *Wallace,* 288 Mass. 557, 566.

Whether an error or irregularity is substantial or misleading must be decided according to the circumstances of each case. Very likely many of the statutory requirements as to the method of conducting tax sales are so vital to the preservation of the rights of parties interested that failure to observe them, at least in substance, could never be found to be "neither substantial nor misleading." The error in the present case seems somewhat more serious than that which was held not fatal in *Lynn* v. *Lynn Commercial Realty Co.* 286 Mass. 368. But adjournment of the sale for a longer time than "seven days in all" is not always and necessarily an error which is substantial or misleading. Here the judge has found that it could not have misled or harmed anybody and that it "was for the benefit of the land owner." On those findings, we think that § 37 applies and that the sale was valid.

*Wood* v. *Wilson,* 256 Mass. 340, is distinguishable. The section there involved (now § 45) expressly provided that the deed should not be valid unless recorded within thirty days.

*Decision affirmed.*