CITY OF BOSTON *vs.* MAURICE B. LYNCH & another.

Suffolk.    November 8, 1937. — November 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Land Court*, Appeal. *Tax*, Assessment, Sale, Deed. *Constitutional Law*, Due process of law.

In a proceeding in the Land Court to foreclose the right of redemption under a tax title, an appeal from a decision of the judge that the tax title was valid was properly entered in this court before the question of redemption, raised by an offer to redeem, was decided.

An assessment of real estate to the "heirs or devisees of" a deceased person, shown by the probate records to have died intestate leaving certain heirs, was proper.

On the issue whether a tax deed was valid on its face, it was immaterial that the deed recited demand on one person and that the notice of sale, included in an affidavit recorded under G. L. (Ter. Ed.) c. 60, § 57, recited demand on another person.

A tax deed was not insufficient on its face on the ground that the residence of the grantee was stated merely as "of Boston," or that the property was described merely by its street number, its acreage, the name of the adjoining owner and its block and section in the assessors' plan book filed in the registry of deeds.

Real estate may be assessed to the holder of a tax title thereof under a tax deed valid on its face, and if so assessed demand need not be made on any other person.

A tax sale of land in Boston in 1932 was properly advertised in the City Record, published by the city.

The provision of G. L. (Ter. Ed.) c. 60, § 43, for a tax sale of the smallest undivided part of the land which will bring the amount of taxes, interest and charges, or the whole of the land for that amount if nobody offers to take an undivided part, is constitutional.

PETITION, filed in the Land Court on November 26, 1935.

The decision appealed from was by *Corbett*, J.

*M. B. Lynch*, for the respondents.

*S. S. Dennis*, Assistant Corporation Counsel, (*C. E. Frazier, Jr.*, Assistant Corporation Counsel, with him,) for the petitioner.

LUMMUS, J. This is a petition to foreclose rights of redemption under tax titles acquired by the petitioner in 1932. G. L. (Ter. Ed.) c. 60, § 65. St. 1938, c. 305. In general the practice in such a proceeding conforms to the practice in land registration. G. L. (Ter. Ed.) c. 60, § 75. St. 1936, c. 189, § 1. The respondents, claiming an interest in the land, contested the validity of the tax titles, and claimed an appeal from a decision that the tax titles were valid. The decision expressly failed to deal with an offer by a mortgagee to redeem from the tax title as to one parcel. "Questions of law arising in the land court on any decision or decree may be taken by any party aggrieved directly to the supreme judicial court for revision in the same manner in which questions of law are taken to that court from the superior court." G. L. (Ter. Ed.) c. 185, § 15. An appeal by a party aggrieved "by any order decisive of the case founded upon matter of law apparent on the record" is thus made possible. G. L. (Ter. Ed.) c. 231,

§§ 96, 142. Such an appeal raises only questions of law, but the facts stated in the decision of the Land Court are generally deemed part of the record. *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48. *McCarthy* v. *Lane*, 301 Mass. 125. The statute (§ 96) provides that "no appeal . . . shall be entered in the supreme judicial court until the case is in all other respects ripe for final disposition by the superior [in this case, land] court." That states the general rule of appellate practice. But where within one proceeding there are separable controversies wholly independent of each other, an appeal in one need not await the determination of the other. Each is a "case" within the statute. *Fuller* v. *Chapin*, 165 Mass. 1. *Joyce* v. *Dyer*, 189 Mass. 64. *Kingsley* v. *Fall River*, 280 Mass. 395, 399, 400, and cases cited. In this instance the question of redemption could hardly be dealt with until the validity of the tax titles had been determined. *Lexington* v. *Ryder*, 296 Mass. 566, 567. The appeal is properly before us.

The taxes for the year 1919 on the three adjoining lots in Boston involved in this case were assessed, according to the recitals of the subsequent tax deeds, to "Charles J. Lynch, heirs or devisees." That meant, we think, the heirs or devisees of Charles J. Lynch. Although it appeared from the probate records that Charles J. Lynch died intestate and that his heirs were Annie M. Lynch, Maude A. Lynch and Maurice B. Lynch, we think that the assessment in the disjunctive or alternative was authorized by St. 1909, c. 490, Part I, § 21, and G. L. c. 59, § 16. Nothing to the contrary is decided by *Tobin* v. *Gillespie*, 152 Mass. 219, or *Conners* v. *Lowell*, 209 Mass. 111, 119. See now St. 1937, c. 114. The tax deeds under that assessment properly recited a demand upon Maurice B. Lynch, one of the heirs. G. L. c. 60, §§ 16, 45. *Conners* v. *Lowell*, 209 Mass. 111, 118. It is immaterial that the notice of sale recited a demand upon a different person, even though that notice was included in the affidavit recorded under authority of law in the registry of deeds (G. L. c. 60, § 57; *Southworth* v. *Edmands*, 152 Mass. 203, 208), for we are concerned, as will appear, only with the validity of the tax deeds on their faces. Moreover,

the recital in the notice of demand upon another person is not inconsistent with the recital in the deed of demand upon Maurice B. Lynch. We need not have recourse to the last sentence of G. L. (Ter. Ed.) c. 60, § 37, which has been in our statutes ever since St. 1915, c. 237, § 17. See *Fall River* v. *Conanicut Mills*, 294 Mass. 98, 99–100; *Springfield* v. *Hotel Charles Co.* 84 Fed. (2d) 589, 591.

The purchaser at the sale for the taxes of 1919, held in 1921, was Harry P. Chadwick of Boston. Tax deeds were given to him, and were duly recorded. The respondents, heirs of Charles J. Lynch, contend that these deeds were invalid upon their faces. The description of the grantee Chadwick as of Boston was a sufficient statement of his residence under G. L. c. 60, § 45. Nothing more was stated in the deed in *Charland* v. *Home for Aged Women*, 204 Mass. 563, cited by the respondents. The descriptions of the lots, though meager, were not insufficient on their faces.* A person visiting the streets and numbers stated would find there lots containing the number of square feet stated. "Whether land is identified by a description is commonly and in the case at bar a question of fact" (*Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154, 155–156), and here any question of fact has been determined in favor of the petitioner. Other alleged defects in the proceedings do not disturb the fact that the deeds to Chadwick were not invalid on their faces.

That being so, the tax for 1931 was properly assessed **to** Chadwick as owner, whether the tax titles held by him were valid or not. "The statute does not put upon the assessors the burden of inquiring into the validity of titles which appear of record to be good." *Roberts* v. *Welsh*, 192 Mass. 278, 280. *Welsh* v. *Briggs*, 204 Mass. 540, 552. *Conners* v. *Lowell*, 209 Mass. 111, 122, 123. G. L. c. 59, § 11. G. L. (Ter. Ed.) c. 59, § 11. See now Sts. 1936, c. 92; 1939, c. 175. See also *Davis* v. *Allen*, 224 Mass. 551, 553. No demand on any person other than Chadwick, the per-

---

* The description of each lot gave its acreage, its street number, the side of the street on which it was located, the name of the owner of the adjoining land, and the block and section in the assessors' book of plans filed in the registry of deeds. — REPORTER.

son assessed as owner, was necessary. G. L. (Ter. Ed.) c. 60, § 16.

The tax sales in 1932 for the taxes of 1931, at which the purchaser was Mabel E. Chadwick, wife of Harry P. Chadwick, were properly advertised in the City Record, published by the city of Boston. St. 1909, c. 486, § 29. Revised Ordinances of Boston (1925 ed.) c. 32. See also St. 1934, c. 185. When Mabel E. Chadwick failed to pay the purchase price within twenty days after the sale, the city of Boston was "deemed to be the purchaser of the land" (G. L. [Ter. Ed.] c. 60, § 49; *Lexington* v. *Ryder*, 296 Mass. 566), and the deeds were properly made to the city. G. L. (Ter. Ed.) c. 60, § 50. The descriptions in these deeds were rather better than the descriptions in those discussed earlier in this opinion. The sale of the whole land was proper, since no person offered to take an undivided part for the amount of taxes, interest and charges. G. L. c. 60, § 43. G. L. (Ter. Ed.) c. 60, § 43. We perceive no constitutional objection to our statutory provisions for the sale of the smallest undivided part that will produce the required amount, instead of a sale of the whole for all it will bring and the disposal of any surplus. The provisions for redemption give interested parties ample protection after the sale, if any such protection is constitutionally necessary. G. L. (Ter. Ed.) c. 60, §§ 61–65. *Jenney* v. *Tilden*, 270 Mass. 92. *Fall River* v. *Conanicut Mills*, 294 Mass. 98, 99–100. *Napier* v. *Springfield, ante,* 174.

*Decision affirmed.*