CITY OF QUINCY *vs.* WILLIAM W. WILSON.

Norfolk.    November 14, 1939. — February 14, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Practice, Civil,* Exceptions: whether error shown. *Land Court,* Exceptions. *Tax,* Deed, Disclaimer, Taking.

An exception to a ruling by the Land Court that a description of registered land in a taking for taxes was substantially accurate was overruled because the excepting party in the bill of exceptions had not sustained the burden of showing error, the descriptions in the taking and in the certificate of title being complicated, with many boundaries, and incomprehensible without either a plan or intimate information concerning the neighborhood, neither of which was in evidence.

The recording in the registry of deeds, instead of a filing for registration with the assistant recorder of the Land Court, of a disclaimer and release under G. L. (Ter. Ed.) c. 60, § 84, as appearing in St. 1935, c. 260, of a tax title to registered land was of no effect although the tax deed also had been recorded and not registered, and the inclusion by the collector of the amount of the tax involved in such tax title, which was substantial, in a subsequent taking rendered the subsequent taking invalid.

PETITION, filed in the Land Court on March 11, 1938.

The case was heard by *Courtney*, J., and in this court was submitted on briefs.

*M. L. Lourie, M. S. Lourie, & J. L. Yesley,* for the respondent.

*H. Pavan,* for the petitioner.

LUMMUS, J. This is a petition to foreclose rights of redemption in registered land taken by the petitioner in 1936 for nonpayment of the taxes of 1931, 1932, 1933 and 1934. G. L. (Ter. Ed.) c. 60, § 65. St. 1938, c. 305. The judge in the Land Court held the tax taking valid. The respondent William W. Wilson alleged exceptions.

The first point argued by the respondent is that the description of the land in the taking was not "substantially accurate." G. L. (Ter. Ed.) c. 60, § 54. St. 1933, c. 325, § 7. St. 1938, c. 339, § 2. See also, as to descriptions in tax deeds, G. L. (Ter. Ed.) c. 60, § 40; *Williams* v. *Bowers,* 197 Mass. 565; *Welsh* v. *Briggs,* 204 Mass. 540, 552; *Conners* v. *Lowell,* 209 Mass. 111; *Larsen* v. *Dillenschneider,* 235 Mass. 56; *Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154; *Boston* v. *Lynch,* 304 Mass. 272.

The description in the taking corresponded with that in the petition, and the latter was sufficient to enable the respondent to assert in his answer that "he is the owner of the real estate referred to in the petition as appears by certificate of title No. 19,796." Thus there was some reason to believe that the description was substantially accurate. The respondent now asks us to compare the description in the taking with that in his certificate of title, and contends that a comparison would show that the description in the taking was not substantially accurate. Upon the present record such a comparison would be profitless. Both descriptions are complicated, with many boundaries, and are incomprehensible without either a plan or intimate knowledge of the neighborhood. Both refer to plans that were not in evidence. In preparing a record for this court, it should be borne in mind that we have no judicial or other knowledge of territory that may be familiar to parties, counsel and the court below, and that a descrip-

tion in words only seldom creates an assured understanding of the complexities of a land case.

The respondent's exception to the ruling that the description in the taking was substantially accurate must be overruled upon the principle that the burden is on an excepting party to see to it that the bill of exceptions demonstrates the commission of error. *Posell* v. *Herscovitz*, 237 Mass. 513, 517. *Barnes* v. *Springfield*, 268 Mass. 497, 504. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 111. *Lariviere* v. *Boucher*, 297 Mass. 27, 30. *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 252.

The second point argued by the respondent is that the amount of taxes due stated in the taking was excessive. *Hurd* v. *Melrose*, 191 Mass. 576. *Wood* v. *Wilson*, 256 Mass. 340, 342, and cases cited. The excess, it is argued, resulted from the unlawful inclusion of the taxes of 1931.

Prior to the taking, the land in question was sold in 1932 by the collector of taxes of Quincy for nonpayment of the taxes of 1931. In accordance with G. L. (Ter. Ed.) c. 60, § 48, he purchased the land for the city for the amount of the tax, charges and expenses. The duty of recording the tax deed was upon the collector, as the section just cited plainly implies. See now St. 1933, c. 325, § 5. The tax sale in 1932 was in all respects regular and valid, except that the tax title of the city failed solely because the deed was recorded in the registry of deeds as though the land were unregistered, instead of being filed within the thirty days then allowed with the assistant recorder for the district where the land lies and registered in the registration book. G. L. (Ter. Ed.) c. 60, § 45; c. 185, § 84. *Wood* v. *Wilson*, 256 Mass. 340. See now St. 1938, c. 339, § 1.

The proper recording or filing of the tax deed to the city was the final duty of the collector in making the "sale" to the city, and his failure to perform that duty made the tax title "invalid by reason of . . . error, omission or informality in the . . . sale," within G. L. (Ter. Ed.) c. 60, § 84, and St. 1935, c. 260. *Nickerson* v. *Hyde Park*, 209 Mass. 365, 366, 367. Accordingly, in November, 1935, he had the right under the statutes just cited to "disclaim and release

such title by an instrument under his hand and seal, duly recorded in the registry of deeds." The statute further provided that "he shall, after the recording of such disclaimer and release . . . forthwith collect the unpaid tax or assessment in conformity to law." G. L. (Ter. Ed.) c. 60, § 84, as amended by St. 1935, c. 260. He did execute such a disclaimer and release, but instead of filing the instrument for registration with the assistant recorder he recorded it in the registry of deeds as though the land were unregistered. Tax deeds relative to registered land must be filed for registration with the assistant recorder (G. L. [Ter. Ed.] c. 185, § 84), and all "instruments permitted or required by law to be recorded in the registry of deeds to give effect to the continuance . . . discharge' or dissolution of . . . liens upon unregistered land . . . shall, in the case of like liens upon registered land, be filed with the assistant recorder and registered in the registration book, in lieu of recording." G. L. (Ter. Ed.) c. 185, § 80. The proper recording or filing of the disclaimer and release would give effect not only to a discharge of the tax title, which itself has become a sort of lien (*Fall River* v. *Conanicut Mills*, 294 Mass. 98, 100), but also to a continuance of the tax lien, for it is made a condition precedent to the collection of the unpaid tax "in conformity to law." St. 1935, c. 260. We think that the disclaimer and release ought to have been filed with the assistant recorder, and since that was not done there was no right in 1936 to make a taking for nonpayment of the tax of 1931.

The inclusion of the tax of 1931, for which the land could not be taken, made the statement of the taxes due excessive and the taking invalid. The taxes for that year were more than $1,400, and the error of including them in the taking could hardly be found to be "neither substantial nor misleading." G. L. (Ter. Ed.) c. 60, § 37. *Fall River* v. *Conanicut Mills*, 294 Mass. 98, 100. No finding of that sort was made. The eighth ruling requested by the respondent should have been given.*

*Exceptions sustained.*
*Petition dismissed.*

---

* This requested ruling was: "As a matter of law the purported disclaimer recorded . . . on November 6, 1935, was of no legal force or effect." — REPORTER.