TOWN OF FRANKLIN *vs.* HERBERT L. METCALFE & others.

Norfolk.    October 7, 1940. — November 25, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Tax*, On real estate: assessment, demand, taking.

An assessment of real estate in 1932 to the "heirs or devisees" of one shown by probate records to have died intestate leaving certain heirs was valid under G. L. (Ter. Ed.) c. 59, § 16, where it did not appear that the heirs had made their names known to the assessors.

Land and a lunch cart thereon properly were assessed as a unit of real estate under G. L. (Ter. Ed.) c. 59, § 3, irrespective of the degree of the physical attachment of the cart to the land and although the owner of the land had made an agreement under which the cart was owned by another as personal property with a right as between them of removal at any time.

Service of a demand for a tax upon one only of two persons jointly assessed for real estate was valid under G. L. (Ter. Ed.) c. 60, § 16.

The mere fact that a description of land in an instrument of taking for the collection of a tax was by reference to a deed, which was dated and recorded more than two years after the assessment of the tax but before the date of the instrument of taking, did not affect the validity of the taking.

The mere fact that land taken for an unpaid tax was assessed and described in the instrument of taking as a single parcel, whereas it had been conveyed to the owner's predecessor in title as two parcels, did not make the taking invalid where it did not appear that the parcels were not contiguous.

PETITION, filed in the Land Court on April 13, 1939.

The case was heard by *Fenton*, J., and in this court was submitted on briefs.

*H. L. Metcalfe & A. T. Handverger*, for the respondents.

*B. Bachner & T. L. Mackin*, for the petitioner.

DOLAN, J. This is a petition to foreclose rights of redemption under a tax title, acquired by the petitioner, in 1935, for nonpayment of the balance of real estate taxes assessed for the year 1932 on premises situated on Main and

West Central streets in the town of Franklin. The case comes before us upon the respondents' appeal from the decision of the judge in which he ruled that the tax title is valid and ordered that the case "stand for further hearing on the matter of redemption."

The decision of the judge discloses the following facts: The land in question consists in part of premises conveyed by one Sargent to Eliza H. Metcalfe in 1880, and in part of premises conveyed by him to her in 1887. She died intestate and possessed of the land involved on July 5, 1931, leaving as her heirs at law two sons, the respondents Herbert L. and Ernest L. Metcalfe. They were appointed administrators of her estate on July 8, 1931. The real estate taxes for 1932 were assessed to "Eliza H. Metcalfe Heirs or Devisees." For each year since they have been assessed to Herbert L. Metcalfe and Ernest L. Metcalfe.

The land involved was taken for nonpayment of the taxes for 1932 by an instrument of taking dated August 29, 1935, which, together with an affidavit of demand and notice, was recorded in the Norfolk County Registry of Deeds on October 24, 1935. The instrument of taking "recites that Robert A. Doherty, Collector of Taxes, did take for the Town of Franklin the land in said Franklin described as follows: 'Land Main and West Central Streets with buildings thereon being the same premises described in deeds from Edwin H. Downes, Deputy Sheriff to Bertha Bachner dated May 12th, 1934, and recorded with Norfolk County Registry of Deeds, Book 2028, Page 63, and supposed to contain about 29040 square feet.' The affidavit of demand recites that a demand was served on Herbert L. Metcalfe *et al*, Franklin, Mass., with a statement of the amount of the tax assessed on said land for the year 1932."

A lunch cart stands on part of the premises involved. From January 1, 1926, to November 1, 1938, one Lawrence maintained the lunch cart under a lease from Eliza H. Metcalfe. On the latter date Lawrence sold the lunch cart to Carleton F. Mason and Elmer D. Flemming, taking back a mortgage. On the same day the respondents Herbert and Ernest Metcalfe executed a lease of the land on which the

lunch cart stands to Mason and Flemming. Under both leases the lunch cart is described as personal property and it is provided that it may be removed at any time by the lessees. The cart stands "on its own wheels on abutments which are four cement poles . . . [which] go two feet into the ground." A brick veneer wall was built around three sides of the lunch cart in 1925. The rear end of the cart is "up against" the wall of another building but is not attached thereto. Prior to 1925 the cart was assessed to Lawrence as personal property. Thereafter it was assessed as real property and Lawrence paid the taxes to the respondent Herbert Metcalfe up through 1934. Lawrence and Mason and Flemming are also respondents in this proceeding. In their answer each of the respondents asks an opportunity to redeem if "it appear that all the proceedings in the taking of the land for taxes was in accordance with the law provided therefor . . . ." The petitioner agreed that "if the tax title was declared valid the lunch cart might be removed from the premises upon payment of the proportionate share of taxes due on it."

The respondents contend that the tax title of the petitioner is invalid for the reasons that the assessment for 1932 was defective, that the description of the land in the instrument of the taking was insufficient, and that the demand and notice of the taking were improper. These were the only questions upon which evidence was presented to the judge or that were argued before him.

The assessment was valid. Real estate taxes are generally assessed either to the owner or to the person in possession of the land. G. L. (Ter. Ed.) c. 59, § 11. But under the law as it existed in 1932 an assessment to the heirs or devisees of a decedent was proper. G. L. (Ter. Ed.) c. 59, § 16. (See now St. 1937, c. 114.) *Boston* v. *Lynch*, 304 Mass. 272, 274. While it is settled that taxes cannot be assessed properly to unknown persons where the assessors reasonably could have ascertained the true owners, *McDonough* v. *Everett*, 237 Mass. 378, 381, under § 16 (prior to St. 1937, c. 114) the assessment to the heirs or devisees of a decedent generally was authorized unless they

made their names known to the assessors. There is nothing in the record to show that the heirs in the present case took any steps to make their names so known.

The lunch cart properly was assessed as part of the real estate involved. Land and the buildings "erected thereon or affixed thereto" are properly taxed as a unit and this rule is not affected by private agreements or by the degree of physical attachment to the land. G. L. (Ter. Ed.) c. 59, § 3. *Milligan* v. *Drury*, 130 Mass. 428, 430. *McGee* v. *Salem*, 149 Mass. 238, 240. *Paine* v. *Assessors of Weston*, 297 Mass. 173, 175. See *Callahan* v. *Broadway National Bank of Chelsea*, 286 Mass. 473; *Crocker-McElwain Co.* v. *Assessors of Holyoke*, 296 Mass. 338, 345.

The respondents also contend that the service of demand on "Herbert L. Metcalfe *et al*" was invalid because it was served only on Herbert. G. L. (Ter. Ed.) c. 60, § 16 (St. 1933, c. 168, § 1; c. 254, § 51) specifically provided that if the heirs of a deceased person were jointly assessed service need be made on only one of them. The service on Herbert alone was valid. *Boston* v. *Lynch*, 304 Mass. 272, 274. See also *Conners* v. *Lowell*, 209 Mass. 111, 118.

The respondents further contend that the description contained in the instrument of taking was defective because it referred to a deed which was not recorded until 1934. Under G. L. (Ter. Ed.) c. 60, § 54, as amended by St. 1933, c. 325, § 7 (see also St. 1938, c. 339, § 2), it is provided that the instrument of taking shall contain "a substantially accurate description of each parcel of land taken . . . ." The fact that the description in the instrument of taking in the present case referred to a deed that was recorded after the assessment did not affect its validity. *Robinson* v. *Brennan*, 115 Mass. 582, 583. See also *Larsen* v. *Dillenschneider*, 235 Mass. 56, 57. The general principle is that the description must be a reasonably accurate one. It is enough if it fairly designates the property for the information of those interested. *Roberts* v. *Welsh*, 192 Mass. 278, 280. *Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154, 156. The purpose of the rule is that owners and prospective purchasers may be sure what property is being

taken or sold. *Quincy* v. *Wilson*, 305 Mass. 229, and cases cited. Ordinarily the question whether the description is sufficient is a question of fact for the judge. *Boston* v. *Lynch*, 304 Mass. 272, 275. In the present case the judge found the description to be substantially or reasonably accurate and sufficient. Upon the facts found by the judge in his decision, and the reasonable inferences of which they are susceptible, no error of law apparent on the record is shown in his conclusion that the description in the "tax taking" was substantially accurate. See *Bacon* v. *Kenneson*, 290 Mass. 14, 15; *Horowitz* v. *Peoples Savings Bank*, *ante*, 222, 224.

The respondents have also argued that the deed of 1934, referred to in the description set forth in the instrument of taking, contains a description of the two parcels conveyed by Sargent to Eliza H. Metcalfe, the one in 1880 and the other in 1887, and that the assessment of these two parcels "as a single unit of 29,040 feet" was illegal and void. When the taxes for 1932 were assessed the ownership of the parcels was in the same persons, and there is nothing in the record to show that the parcels were not contiguous. When "lots are contiguous and are owned by the same person, they may be assessed as one parcel of land." *Guthrie* v. *Haun*, 159 Ore. 50, 53, 54, and cases cited. *Glen Alden Coal Company Case*, 321 Penn. St. 333, 334. "Contiguous parcels of land, though divided upon a plan for purposes of sale, may often be assessed as a unit." *Marlborough* v. *Poorvu*, 305 Mass. 124, 126–127, and cases cited.

No question is raised by the denial by the judge of the respondents' requests for rulings which is not disposed of by what we have said.

*Decision affirmed.*