## MARY V. KIMBALL *vs.* MARY S. ELLISON.

Essex. Nov. 5. — Dec. 22, 1879. LORD & SOULE, JJ., absent.

A testator, by his will, provided as follows : "I give, devise and dispose of all my estate, real and personal, together with any and all estate, right or interest in lands which I may acquire after the date of this will, in the following manner ; " and after authorizing his executor to sell any of his real estate "not herein specifically bequeathed or appropriated," he devised his "mansion-house and the other buildings thereon, and the privileges thereto belonging," to A. for life, and upon his death to B. After the date of his will, the testator purchased an estate adjoining his mansion-house estate, removed the building standing thereon, tore down the fences, and made one garden with walks running through both estates, and erected a greenhouse on the purchased estate which was used in connection with the mansion-house; and the whole was thus used and occupied at the time of his death. *Held,* that the purchased estate passed by the specific devise of the mansion-house estate.

WRIT OF ENTRY to recover a parcel of land in Ipswich. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the tenant, to this court, on appeal, on an agreed statement of facts, the substance of which appears in the opinion.

*E. D. Sohier & C. A. Welch,* for the demandant.

*F. C. Welch,* for the tenant.

ENDICOTT, J. The agreed statement of facts renders it clear that it was the intention of the testator to make the demanded premises, which he purchased after the date of his will, part and parcel of his mansion-house estate. He removed the house and shop standing thereon, tore down the fences and made one garden with walks running through both original estates, and erected a greenhouse on the demanded premises, which was used in connection with the mansion-house. The whole thus became one parcel, with nothing to distinguish the demanded premises from the mansion-house estate, as it was at the date of the will, and it was all thus used and occupied at the time of his death.

It is also manifest from the will itself that it was the intention of the testator that all real estate acquired by him in the future should be disposed of by his will. The statutes provide that "any estate, right or interest in lands acquired by the testator after making his will shall pass thereby, in like manner as if possessed at the time of making the will, if such clearly and

manifestly appears by the will to have been the intention of the testator." Gen. Sts. *c*. 92, § 4. His language is, "I give, devise and dispose of all my estate, real and personal, together with any and all estate, right or interest in lands which I may acquire after the date of this will . . . in the following manner;" and, after authorizing his executors to sell any of his real estate "not herein specifically bequeathed or appropriated," he devises his "mansion-house and the other buildings thereon, and the privileges thereto belonging," to Mary Baker for her life, and upon her death to the demandant and her husband during their joint lives and to the survivor during his or her life. Mary Baker having died, and the demandant, being entitled, as survivor of her husband, to the use and occupation of all the mansion-house estate during her life, brings this action against the tenant, who holds the demanded premises under a deed from the executors.

But we are of opinion that the executors had no authority to give this deed, for they were empowered by the will only to convey lands not specifically devised; and the testator having in terms expressed the intention in his will that after-acquired real estate, as well as the real estate held by him at the date of the will, should be disposed of "in the following manner," (that is, as he proceeds to point out,) the fair construction is, that he intended that, if any of such after-acquired real estate should be added to and become part of the mansion-house estate, it should pass to the devisee under that specific devise. There are no words that limit or define the extent of the mansion-house estate; the description is general, and what constituted the estate at the time of his death passed under this will to the demandant.

In *Wait* v. *Belding*, 24 Pick. 129, a testator devised to his two sons "the whole of my land and buildings lying and being within the town of Hatfield." He made a codicil afterward, which was held to be a republication of the will; and it was also held that other lands acquired by the testator, in the interval between the date of the will and the codicil, passed to the two sons by the will. It was said by Chief Justice Shaw, in delivering judgment, "By the Revised Statutes it is provided that a will shall embrace after-acquired real estate as well as personal, when such

is the intent of the testator. These statutes do not affect this will, and I only allude to them by way of illustration. Suppose this will had been made after the Revised Statutes, and the question should be whether the estate now in controversy passed by this devise. There seems to be no doubt that it would, the description being general of all the lands in Hatfield, without limitation as to the time of acquisition." See also *Brimmer* v. *Sohier*, 1 Cush. 118; *Melcher* v. *Chase*, 105 Mass. 125; *Perkins* v. *Jewett*, 11 Allen, 9.                    *Judgment for the demandant.*