RUTH MILDRED BRYANT *vs.* GRACE E. LOMBARDI.

Norfolk.    November 29, 1927. — January 3, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, Specific devise, Specific power of sale in executor. *Land Court*, Finding by judge, Exception.    *Infant.*

A mother died testate, seized of three parcels of land and of no personal estate.    One parcel she specifically devised to a daughter and the others to two sons.    Her will also authorized her "executor to sell at public or private sale any portion or all of my estate without any license from the court, and to execute and deliver proper and sufficient deeds and other instruments to transfer and convey the same, and no purchaser to be bound to see to the application of the purchase money."    The land devised to the daughter was subject to a mortgage of $500.    The executor sold it for $575 for the payment of debts and charges of administration, and the purchaser sold it to one against whom the daughter brought a writ of entry.    *Held*, that the sale was authorized by the will and was valid.

The mere fact that the daughter was under age and had no guardian did not affect the validity of the sale above described.

Where, upon exceptions saved to rulings and an order of judgment by a judge of the Land Court at the hearing of a writ of entry, the record does not purport to contain all the evidence, findings of fact by the judge are final.

WRIT OF ENTRY in the Land Court dated March 17, 1925.

The case was heard by *Smith*, J.    Material facts found by the judge and rulings asked for by the demandant and refused by the judge are stated in the opinion.

The judge found and ordered judgment for the tenant. The demandant alleged exceptions.

The case was submitted on briefs.

*H. Dunham*, for the demandant.

*J. A. Halloran & H. V. Knight*, for the tenant.

SANDERSON, J.   This is a writ of entry brought in the Land Court to recover possession of a parcel of land on the westerly side of Railroad Avenue in Foxborough.   The premises were devised to the demandant, formerly Ruth Mildred Hewins, under the will of her mother who died seised of the locus on April 15, 1919.   Her will was allowed on June 4, 1919, and George R. Ellis was appointed executor.   An inventory, filed in August, 1919, showed no personal property and three pieces of real estate, to wit: a "house and lot, Railroad Avenue, Foxborough, [valued at] $500," being the locus here in question, and "two pieces of vacant land . . . each valued at $200."   The demandant was born February 9, 1900. The two parcels of vacant land were devised to the testatrix's two sons.   The fifth clause of the will reads as follows: "I hereby authorize my executor to sell at public or private sale any portion or all of my estate without any license from the court, and to execute and deliver proper and sufficient deeds and other instruments to transfer and convey the same, and no purchaser to be bound to see to the application of the purchase money."   The locus was subject to a mortgage of $500 given by the testatrix.   In April, 1920, the executor, by virtue of the power in the will, conveyed the premises to Rose Kovitch for $575, and on or about the same date the mortgage was discharged.   In August, 1922, Kovitch conveyed by warranty deed to the tenant.   The correspondence between the executor and the demandant before the conveyance to Kovitch indicated that the demandant left the matter of sale to the judgment of the executor.   The trial judge refused to rule as requested by the demandant "That from the face of the will of Abbie L. Hewins it does not appear with sufficient clearness that it was the intent of the testatrix that the executor was to have authority to sell the property specifically devised," and "That upon all the evidence, the demandant is entitled to judgment."

The judge found that "On the evidence . . . the sale to Kovitch was made by the executor for the payment of debts and charges of administration" and "there being no personal estate he [the executor] was therefore bound to sell real estate to raise the necessary money to pay these liabilities."

He also found that the sale by the executor was a necessary part of administering the estate of Mrs. Hewins; that good title to the demanded premises passed to Kovitch; that Kovitch and the tenant were innocent purchasers for value. He found for the tenant and ordered judgment accordingly.

The record does not purport to contain all of the evidence and the findings of fact made by the judge are final. *Boston Five Cents Savings Bank* v. *Massachusetts General Hospital,* 255 Mass. 583, 586. *Allen* v. *Wood,* 256 Mass. 343, 349.

The demandant's assent to the sale by the executor was not binding upon her because of her minority, but the validity of the sale did not depend upon her assent or the assent of any one acting for her. The will gave the executor power to make the conveyance without any license from the Probate Court. *Going* v. *Emery,* 16 Pick. 107, 113. *Justice* v. *Soderlund,* 225 Mass. 320, 323. It is not suggested that the price obtained was inadequate or that the executor failed to account for the proceeds of sale. If such facts had appeared, the demandant's remedy upon the facts found could not be by writ of entry to recover possession of the land from an innocent purchaser for value, who was not required to see to the application of the purchase money paid to the executor. The fact that no guardian of the demandant had been appointed did not affect the validity of the sale.

*Exceptions overruled.*