BURTON A. BACON *vs.* ALBERT EDWARD KENNESON.

Middlesex. November 8, 1933. — February 27, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Land Court*, Findings by judge, Appeal. *Devise and Legacy*, Identity of land devised.

An appeal from the decision of a judge of the Land Court upon a petition for registration of the title to land brings before this court only questions of law apparent on the record.

Where, upon such an appeal, there were set forth in the decision some, but not all, of the material evidence heard by the judge, certain specific findings of fact by him, a general finding in favor of the appellee based on "all the evidence," and certain requests for rulings by the appellant, which were refused, the question whether the findings were warranted by the evidence was not open in this court; the only questions open were whether the specific findings were as a matter of law inconsistent with the general finding and whether there was error in the refusal of the requests for rulings.

The proper construction of a will, interpreted in the light of the circumstances existing at the time when it was made, as shown by findings made by a judge of the Land Court, was that an office building and the land on which it was located were included in a devise of "the house and premises known as" a certain number on a certain street, which had been the testator's home, and were not included in a devise of the rest of the testator's real estate, on a part of which stood a storage warehouse immediately adjacent to the office building.

PETITION, filed in the Land Court on December 6, 1932, for registration of the title to land in Somerville.

The case was heard by *Smith*, J. Material findings by him are stated in the opinion. His decision was in favor of the petitioner. The respondent appealed.

*N. Golden,* for the respondent.

*G. F. McKelleget,* for the petitioner.

FIELD, J.  This is a petition in the Land Court for registration of a parcel of land with the buildings thereon situated on Walnut Street in Somerville, bounded southeasterly by said street seventy-four and fifty-four one hundredths feet, southwesterly, northwesterly and northeasterly by land of the respondent, respectively, seventy-four and sixty hundredths feet, eighty-nine and five hundredths feet, and fifty-nine and fifty-three hundredths feet, and containing five thousand four hundred thirty-two square feet.  The judge of the Land Court made specific findings of fact, found generally for the petitioner, ordered a decree for registration in accordance with this description and granted and denied certain requests for rulings of the respondent, and the respondent appealed.

We find no error in the decision.

The respondent's appeal brings before us only questions of law apparent on the record.  Findings of fact cannot be revised.  G. L. (Ter. Ed.) c. 185, § 15.  *Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154, 155–156.  The general finding for the petitioner, as the decision states, was based on "all the evidence," and does not purport to rest wholly on specific findings.  Compare *Burke* v. *Commonwealth,* 283 Mass. 63, 67.  Though some of the evidence is set out in the decision, the decision does not purport to set out all the material evidence, and, consequently, if for no other reason, the question whether the evidence warranted the findings is not before us.  See *Mitchell* v. *Cobb,* 220 Mass. 60; *Hartt* v. *Rueter,* 223 Mass. 207, 212; *Bryant* v. *Lombardi,* 261 Mass. 489, 491.  The only questions for decision, therefore, are whether the specific facts found are as matter of law inconsistent with the general finding for the petitioner and whether it was error to refuse to rule as requested by the respondent.

The contention of the respondent is that he is the owner in fee of an office building, located on the northwest corner of the parcel of land described in the petition, and the land on which it stands, or at least "an easement on that piece

of land so long as the present office building shall stand thereon and be used as an adjunct to his storage warehouse business adjacent thereto."

The petitioner's title was derived from his wife, Lotta Belle Bacon, now deceased, who acquired her title under the fourth clause of the will, made May 1, 1918, of her father, Charles Albert Kenneson, who died in 1919, which reads as follows: "I hereby give and devise to my said daughter, Lotta Belle Bacon, the house and premises known as one hundred and seventy-six Walnut Street, in the City of said Somerville, together with the land adjoining, to have and to hold the same to her and her heirs and assigns forever." The respondent, a brother of the petitioner's deceased wife, acquired his title to premises adjoining the premises sought to be registered under the fifth clause of the will, by which the testator gave the residue of his real estate to his daughter, Lotta Belle Bacon, upon certain trusts and, in certain events which have happened, upon her death to the respondent, free and discharged of all trusts. The question, therefore, is whether the office building and title or right in the land thereunder passed by the fourth clause of the testator's will or by the fifth clause thereof.

The interpretation to be given to the will is a matter for the court to decide, but the "significance of words takes color from the time and circumstances in which they are used" and, consequently, "weight will be given to the findings made." *Erickson* v. *Ames*, 264 Mass. 436, 441. The judge found that "number 176 Walnut Street describes in general terms the locus claimed by the petitioner," and this finding is consistent with his other findings. Number 174 Walnut Street, west of number 176 Walnut Street, was on the other side of a passageway, sixteen feet wide, and there was vacant land east, and a storage warehouse north, of the locus, all of which passed by the fifth clause of the will. A line running north and south in the middle of the passageway is the boundary between number 174 Walnut Street and number 176 Walnut Street, subject to all usual rights therein for the benefit of both adjoining owners. The

testator for many years treated the parcel of land included in the petition as "his homestead estate." His daughter lived there with him. In 1917 she married the petitioner and, with her husband, continued to live there. A fence ran from the house of number 176 Walnut Street along the east side of the passageway for about twelve feet to the south side of the office building. This office building was not attached to the storage warehouse, which was immediately back of it. The office building was divided into two parts. One was used by the testator for his private purposes and the other was used in the warehouse business. This office building was heated by an underground pipe connected with the heating plant in the cellar of the house at number 176 Walnut Street. There were no toilet facilities in the office but the testator maintained a toilet for women in the northwest corner of the house at number 176 Walnut Street, approached directly from the passageway and not connected on the inside with the rest of the house. And there were similar arrangements for men in the basement of number 174 Walnut Street. There is nothing in the specific findings to require the conclusion that the office building was intended to pass by the will as an adjunct to the storage warehouse rather than as an adjunct to the premises numbered 176 Walnut Street. The judge may well have found that the office building was within the enclosure described in the will as "the house and premises known as one hundred and seventy-six Walnut Street" and to some extent was used in connection with other parts of the premises so enclosed. See *Oliver* v. *Dickinson,* 100 Mass. 114; *Kimball* v. *Ellison,* 128 Mass. 41; *Dudley* v. *Milton,* 176 Mass. 167. Nor did a letter written by the testator to his daughter in 1909, giving her advice in regard to the management of the storage warehouse — which by a later will passed to her, though in trust — require the conclusion that he intended the office building to go with the warehouse.

No question is raised by the requests for rulings denied by the judge which is not disposed of by what has been said.

*Decision affirmed.*