THEODORE F. TRUDEAU *vs.* RAYMON M. WILLIAMS & another.

Hampden.    September 19, 1940. — November 25, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Land Court*, Registration.    *Boundary.*

A respondent in a petition for registration of the title to land had no standing to dispute the location of a boundary of the land claimed by and awarded to the petitioner by the Land Court where it appeared that the respondent had no title to any land which would be affected by such boundary.

PETITION, filed in the Land Court on July 9, 1938, and afterwards amended.

The case was heard by *Smith,* J.

*D. Judelson,* for the respondents.

*F. Hurley,* for the petitioner, submitted a brief.

RONAN, J.    This is an appeal from the decision of the Land Court that the petitioner had title proper for registration to a certain parcel of land located upon the westerly side of Mountain Road, in Holyoke. The only controversy now existing between the parties is the location of the northeast corner of the petitioner's lot. The petitioner contends his land extends northerly along Mountain Road to the intersection of this road with the northerly fork of a private way known as the wood road, while the respondents contend that the northeast corner should be located at the intersection of the southerly fork of this private way with Mountain Road. The respondents appealed from a decision of the Land Court favorable to the contention of the petitioner.

The decision shows that Edna S. Spies owned a parcel of land abutting Mountain Road and adjoining the petitioner's lot on the north, and she also owned a small four-acre parcel fronting on Old County Road which was located several hundred feet westerly of Mountain Road and ran

substantially parallel with it. This parcel was bounded on three sides by the petitioner's lot. It was located about eight or nine hundred feet west of the northeast corner of the petitioner's lot. Spies filed an answer and was later defaulted in the Land Court. The present respondents, claiming under a deed from Spies which was recorded subsequently to the filing of the present petition, were allowed to file an answer and to oppose the petition. There is nothing in the record to show what land was included in their deed from Spies. The judge, during the course of his decision, in reference to the present respondents remarked that "In their answer they refer to this deed as their source of title and inferentially as justifying their status as 'parties in interest.' It would therefore appear that portions of their answer relating to land between the brook and the old wood road and to the location on the ground of the northeast corner of locus are not matters in which they are 'parties in interest.' They are 'parties in interest' as to the way claimed from their land to Mountain Road. As to the boundary lines of the land they claim to own no disagreement between the parties is disclosed by the pleadings." The judge further set forth the claims of the present respondents and those of Spies. The claim relative to the northeast corner is referred to as "the Spies claim at the northeast." It would seem to follow from these statements that Spies conveyed to the respondents the small four-acre parcel fronting on Old County Road and not the parcel on Mountain Road. But the matter is settled by the decision of the trial judge, from which it appears that the respondents· contended that they had a proprietary interest in the narrow and irregular strip of land which was located between the brook and the wood road and which extended easterly to Mountain Road, where it was adjacent to the northeast corner of the locus sought to be registered. In reference to this contention the judge in his decision stated that "No evidence of any kind was presented in support of the Williams claim to land between the 'brook' and the 'wood road' on the filed plan. I find against such claim." This finding, in conjunction with a further finding based upon

all the evidence that the respondents had no right of way over the wood road from their four-acre parcel over the locus to Mountain Road, conclusively determines that the respondents had no rights whatever in the northeast corner of the petitioner's land. *Marvel* v. *Cobb*, 204 Mass. 117. *Webber* v. *Cox*, 256 Mass. 595. *Bacon* v. *Kenneson*, 290 Mass. 14.

The respondents' appeal is based entirely on the finding made in locating the northeasterly corner of the petitioner's land, but they have no standing to attack the validity of that finding. *First Parish in Shrewsbury* v. *Smith*, 14 Pick. 297, 303. *Harvey* v. *Sandwich*, 256 Mass. 379, 383.

*Decision affirmed.*