DOROTHY G. HOLCOMBE *vs.* FRANK T. HOPKINS
(and two companion cases[1]).

Barnstable.   May 5, 1942. — May 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Taxation*, Real estate tax: taking. *Land Court*, Appeal, Findings by judge. *Error*, Whether error harmful. *Practice, Civil*, Hearing without jury.

A decision of the Land Court dismissing a petition for foreclosure of a tax lien was affirmed on appeal where it appeared that the trial judge found, without a report of evidence, that the petitioner relied on a tax taking which included land that the person assessed did not own.

Upon an appeal from a decision of the Land Court including findings upon unreported evidence, subsidiary findings cannot be revised and the ultimate finding must stand if, upon all subsidiary facts stated in the decision and inferences reasonably to be drawn therefrom, it is justified as a matter of law.

A contention that a judge of the Land Court, hearing again a case returned from this court after an appeal from his former decision, "maintained an attitude of attempted justification of his apparent prejudgment of the case in favor" of the party for whom he previously had found and for whom he again found, was not sustained by the record, which did not warrant a finding of any bias or prejudice on the part of the trial judge.

An appeal from a decision of the Land Court disclosed no prejudicial error respecting exclusion by the judge from his consideration on his own motion of evidence not included in the record.

Prejudicial error in the admission of evidence by a judge of the Land Court was not shown where the judge stated that his decision was "not based in any way on such evidence."

---

[1] The companion cases are *Holcombe* v. *Hopkins* and *Hopkins* v. *Holcombe*.

It *was stated* that a method of trial by a judge without a jury, in receiving evidence subject to objection and exception and then stating in his findings that his decision did not rest on such evidence, was not commended.

There was no merit in contentions, on appeal from a decision by the Land Court, which were based on evidence not contained in the record and alleged action by the trial judge not shown by the record.

THREE PETITIONS, filed in the Land Court respectively on December 20, 1938, April 25, 1939, and September 7, 1940.

The cases were heard together by *Smith*, J.

*J. D. W. Bodfish*, (*J. T. Batchelder* with him,) for Holcombe.

*R. E. French*, for Hopkins.

DOLAN, J. These three cases come before us on the appeals of Dorothy G. Holcombe (hereinafter referred to as the appellant), who is the petitioner in two of the cases and the respondent in the third case, from the decision of a judge of the Land Court. Two of the petitions, those of the appellant and Hopkins, are cross petitions for the registration of title to the same parcel of land; the third petition is that of the appellant for foreclosure of an alleged tax lien on the same parcel of land, based on a taking thereof made by the town of Brewster for taxes assessed to Hopkins and others by an instrument dated October 30, 1936, and duly recorded, and by a conveyance from the town to her by deed dated September 17, 1938. In the first two cases the judge ruled on all the evidence that the appellant had not sustained the burden of proving title to the contested parcel and that Hopkins had sustained the burden of proving that he had title thereto, and ordered the entry of a decree accordingly. In the matter of the petition for foreclosure of the alleged tax lien, the judge found that the tax taking was void by reason of including land that "the parties assessed in the Holcombe chain did not own," and ordered that the petition to foreclose the alleged tax lien be dismissed. It is appropriate to consider this decision with relation to the foreclosure of the tax lien first.

We perceive no error with respect to the decision of the judge relative to the alleged tax lien. No error of law is apparent on the face of the record. The finding of the

judge based on all the evidence (which is not all reported), that land was included in the tax taking that "the parties assessed in the Holcombe chain did not own," is therefore final. And it is settled in this Commonwealth that a tax taking that includes land that the party assessed does not own is invalid and void. *Lancy* v. *Boston*, 186 Mass. 128, 132, 133, and cases cited. *Phelps* v. *Creed*, 231 Mass. 228, 232. *Wood* v. *Wilson*, 256 Mass. 340, 342. There is nothing in conflict with this principle in the cases cited by the appellant, and there was no error in the denial by the judge of her request for a ruling that through the deed of the town she acquired a title paramount to all existing interests in the locus.

We now address ourselves to the respective petitions for registration of title to the locus in question.

The decisions appealed from by the appellant were made at the second trial of the cases, which resulted from the reversal by this court of a ruling by the judge at the first trial that the subject matter had already been adjudicated. This ruling was based upon an earlier proceeding for registration, brought by one Mitchell, which did not include the locus here involved and in which proceeding Hopkins had been a successful respondent. *Hopkins* v. *Holcombe*, 308 Mass. 54. The locus in question is described in that case. No useful purpose would be served by describing it again.

The examiners' reports on the title, consisting of some two hundred fifty-five pages of abstracts from the public records, were introduced in evidence. The trial judge, however, in his decision stated that he excluded from consideration certain of these abstracts in each case, in the Holcombe case because the report of the examiner reads in part as though the examiner thought he was reporting as a master, although no reference was issued to him to hear the parties and their evidence and report his findings, and in the Hopkins case "in order to be meticulously fair to both principals." These documents are not reproduced in the record and the contents of those that were not excluded from consideration by the judge in reaching the decision are not set forth in full in the record. An examination of the record

discloses that the judge based many of his subsidiary and ultimate findings in whole or in part on unreported evidence.

It is settled that appeals such as those now before us bring before this court only questions of law apparent on the record, that findings of fact cannot be revised and must be accepted as true, and that, if upon all the facts thus displayed and the reasonable inferences of which they are susceptible, the ultimate finding is justified as matter of law, it must stand. *Burke* v. *Commonwealth*, 283 Mass. 63, 67, and cases cited. *Franklin* v. *Metcalfe*, 307 Mass. 386, 390. *Bianco* v. *Lay*, 313 Mass. 444, 447. And since the decision does not purport to set out all the material evidence, the question whether the evidence warrants the findings of the judge is not before us, and hence the only questions for decision are whether the specific facts found are as matter of law inconsistent with the general finding for Hopkins, and whether it was error to fail to rule as requested by the appellant. *Bacon* v. *Kenneson*, 290 Mass. 14, 15. In view of the governing principles just stated, we deem it unnecessary to state in detail the facts found by the judge in relation to the chain under which the respective parties claim title to the locus in question. The chain of title, as set forth by the judge in his decision, starting in 1702 covers a period of "239 years." That such a long period was covered in the search of the title of the locus the judge ascribed to the overzealousness of the examiners. It would add nothing to our jurisprudence to recite the devolution of the locus through that period. The parties themselves are the only ones interested in the history of the title to the locus, and they must be taken to be familiar with it even if not in agreement as to its present ownership. It will suffice to deal with the decision in so far as the appellant contends that errors of law are apparent on the record.

The appellant has argued that the judge erroneously instructed himself as to law by the statement made by him in the first paragraph of his decision as follows: "These three cases were tried together. It is a second trial of the two registration cases due to my error of law at the first trial in applying a res judicata rule in favor of Hopkins and

against Holcombe to more of the Hopkins claim than was involved in an earlier Mitchell case #10574 in which Hopkins was a successful respondent, based on the same chain of title as disclosed by the examiner's report in his present case as a petitioner. *Hopkins* v. *Holcombe*," 308 Mass. 54; and that throughout his decision the judge "maintained an attitude of attempted justification of his apparent prejudgment of the case in favor of Hopkins and against the petitioner Holcombe." We interpret the statement of the judge to mean that his error was due to applying the doctrine of res judicata at the first trial to the cases for registration of the disputed locus that was not involved in the Mitchell proceedings for registration. The statement of the judge was substantially correct. It is true that, following the statement of the judge just discussed, he also made some observations and queries that would tend to indicate that he found some difficulty in accepting the decision of this court when the cases first came before it, but we think that there is nothing in the record to warrant a finding of any bias or prejudice on the part of the judge against the appellant, or that she did not have an impartial trial on the merits. See *King* v. *Grace*, 293 Mass. 244; *Nicoli* v. *Berglund*, 293 Mass. 426.

The appellant also complains of the action of the judge in excluding from consideration, apparently upon his own motion and after the trials had been concluded, parts of the examiners' reports after having admitted them without, so far as appears, objection or exception. The reasons assigned by the judge for this action we have already stated. We have no means of determining whether this action was prejudicial to the rights of the appellant, since the evidence excluded is not contained in the record. If the appellant was aggrieved by this action of the judge taken in the absence of counsel, the proper way to have brought the excluded evidence before us was by bill of exceptions under Rule 6 of the Land Court (1935). G. L. (Ter. Ed.) c. 231, § 113. See *Crawford* v. *Roloson*, 262 Mass. 527, 528, 529.

The appellant also contends that it was error of law for the judge to fail to report certain evidence and her objec-

tions and exceptions to its admission, with relation to which he made the following statement in his report: "During the course of the trial a few objections and exceptions to the admission of evidence were made by both parties. My decision is not based in any way on such evidence and would have been the same if it had not been introduced. If, however, either or both parties wish to go higher on appeal, the objections can be stated in bills of exceptions." So far as appears the appellant filed no bill of exceptions, and the record does not disclose what evidence the judge was referring to. We understand the statement of the judge to mean that he instructed himself as a finder of facts to disregard that evidence. It is to be assumed that even had the evidence in question been brought before us and it appeared to have been improperly admitted, it could not be said rightly that its admission was prejudicial error, since the judge in effect excluded it by his subsequent statement. This method of trial, however, is not to be commended in a trial before a judge without a jury any more than in a trial with a jury. "In either case it is always desirable that the person who determines the facts, whether he be judge or juror, should hear only what the law says he may hear." *Newman* v. *Newman*, 211 Mass. 508, 509, 510. See also *Clarke* v. *Fall River*, 219 Mass. 580, 586; *Manning* v. *Woodlawn Cemetery Corp*. 245 Mass. 250, 253; *Stricker* v. *Scott*, 283 Mass. 12, 14.

The appellant also contends that the decision of the judge is based on specific findings of fact that are inaccurate, contradictory, and inconsistent with the general finding for Hopkins. These contentions, however, are based upon certain documentary evidence that is not contained in the record, and the record cannot be supplemented by evidence that is merely set forth in the brief of counsel. *Holmes* v. *Barrett*, 269 Mass. 497, 502. *Bacon* v. *Kenneson*, 290 Mass. 14, 15. Confining our consideration of the case to the record, we are unable to discover any specific facts found by the judge that can be said rightly to be inconsistent with his general finding for Hopkins.

The judge stated in his decision that, at the close of the

trial and before he left the bench, counsel for Hopkins made some kind of oral arrangement with counsel for the appellant that he (counsel for Hopkins) might send to him (the judge) certain documentary evidence, and that if it were sent in it should be used in evidence subject to the objection and exception of the appellant; that he received some documents from counsel for Hopkins, and six motions by counsel for the appellant; that he declined "to arbitrate this post-trial squabble between counsel" and returned the documents to counsel for Hopkins, and also returned to counsel for the appellant her motions "unfiled and without reading or examining any of these papers," leaving the trial evidence "exactly as it stood at the close of the trial when . . . [he] left the bench . . . ." The appellant argues that it was error thus to exclude this documentary evidence without disclosing its contents and giving her an opportunity "to answer and rebut the same," and that the judge erred in denying her motions in each case to that end. The answer is that neither the evidence in question nor the motions are set out in the record. Moreover, the appellant could not in one breath consent to the consideration by the judge of the documentary evidence in question over her objections and subject to her exceptions, and in the next complain of its subsequent exclusion by the judge. We have, however, already commented on this method of trial.

The appellant's contention that the judge gave counsel no opportunity for oral argument and, after directing counsel to file written arguments on or before a certain date, refused to consider the written arguments, is not substantiated by the record, which discloses no such action on the part of the judge. There is no error of law in this respect apparent upon the record.

The entry in each case will be

*Decision affirmed.*