JOSEPH T. MULCAHY, SR., & another vs. ALICE G. MCGINN & others. June 2, 1969. This is a petition to register a parcel of land in West Springfield. In the view we take of the case many of the facts contained in the

judge's decision need not be recited. Suffice it to say that the judge found that the petitioners acquired title to the locus under a deed from William E. Mulcahy on September 9, 1949. The deed, which was without consideration, ran to Joseph T. Mulcahy, Sr. and Raymond J. Mulcahy as joint tenants, and they were the original petitioners. The judge also found that the petitioners' title was acquired by adverse possession for the requisite period of time. Since the petition was brought Joseph died, and Raymond, the surviving joint tenant, now seeks to register the property in his name. From the decision of the judge ordering a decree that title be registered in the name of Raymond J. Mulcahy, two of the respondents (Abbie Mulcahy and Joseph T. Mulcahy, Jr.) appealed. They do not challenge the finding with respect to Raymond's title. Rather they contend that he holds the property upon a constructive trust in favor of themselves and the other respondents, all of whom comprise a family group. The judge found "that the evidence does not establish the . . . respondents' claim of a constructive trust." The respondents' appeal brings before us only questions of law apparent on the record. Findings of fact cannot be revised. G. L. c. 185, § 15. *Bacon* v. *Kenneson*, 290 Mass. 14, 15. The judge's decision rests on "all the evidence," but the evidence is not before us, so that we can consider only whether the specific facts found are as matter of law inconsistent with the general finding for the surviving petitioner. *Bacon* v. *Kenneson*, *supra*, at page 15. *McCarthy* v. *Lane*, 301 Mass. 125, 127. We perceive no inconsistency.

*Decision affirmed.*

*Maurice J. Ferriter* for the respondents Abbie Mulcahy & another.
*John R. Auchter* for the petitioner Raymond J. Mulcahy.