HERMAN B. WILSON & another *vs.* LAURIE EBACHER. March 13, 1975. The respondent, Laurie Ebacher, in a proceeding for registration of the petitioners' land (the locus), appeals from a decision of the Land Court that the petitioners were entitled to the registration of an easement appurtenant to the locus and over the respondent's land. The court found that "the petitioners have sustained their burden of proof that they ... have acquired a right of way by prescription to travel over the aforementioned way ["the unimproved 'Road to the Birches' which passes over the land now belonging to the respondent, Laurie Ebacher, onto Woods Road on the locus"] for all purposes of a public way over the unimproved and private portion of 'Road to the Birches' to the locus ...." 1. The respondent's attack on this finding, as unwarranted by the evidence, fails because the decision does not purport to set out all the evidence on which the finding is based; and it cannot be said from anything appearing in the decision that the finding is unjustified as a matter of law. Nor can it be said that this finding is inconsistent with other findings set out in the decision. Only such questions, in effect questions of law, are open on appeal; and our conclusion is governed by such cases as *Boston* v. *Cable,* 306 Mass. 124, 126 (1940); *Holcombe* v. *Hopkins,* 314 Mass. 113, 116 (1943); *Mulcahy* v. *McGinn,* 356 Mass. 717, 717-718 (1969); *Green* v. *Chelsea,* 358 Mass. 799, 799-800 (1970). 2. The respondent contends that the ultimate order, providing that the locus be registered "with the benefit of said right of way for all purposes of a public way" is too broad because "all purposes of a public way" may include uses unconnected with travel. We do not determine the scope of the words "public way." See *Crullen* v. *Edison Elec. Illuminating Co. of Boston,* 254 Mass. 93, 94-95 (1925). Compare *Nantucket Conservation Foundation, Inc.* v. *Russell Management, Inc.* 2 Mass. App. Ct. 868, 869 (1974). It appears, however, that the scope of the easement is not clear from the decision. Accordingly, the Land Court shall modify the decision to clarify the scope of the

Rescript Opinions.

petitioners' easement and may hold further hearings for that purpose. See *Swensen* v. *Marino,* 306 Mass. 582, 586-587 (1940). Compare *Marden* v. *Mallard Decoy Club, Inc.* 361 Mass. 105, 107-108 (1972). The case is therefore remanded to the Land Court.

*So ordered.*

*Thomas B. Shea* for the respondent.
*Francis J. Ulman* for the petitioners.