EDWIN C. JENNEY, trustee, vs. HENRY E. TILDEN, trustee.

Suffolk.   November 6, 1929. — January 17, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Tax, Sale: redemption. Land Court, Findings by judge. Words, "Good cause," "In equity and good conscience."*

In G. L. c. 60, § 68, which provides that one claiming an interest in, and desiring to redeem, land sold for nonpayment of taxes shall file an answer, to a petition in the Land Court to foreclose the tax title, setting forth his right to redeem, together with all matters which "in equity and good conscience entitle him to redeem . . . ," and provides that the court may allow such party to redeem "if good cause is shown therefor," the quoted clauses must be construed together and mean that if in equity and good conscience such party is entitled to redeem, good cause is shown therefor.

A petition filed in the Land Court on May 13, 1927, to foreclose a tax title to land contained allegations that the land had been sold to the petitioner in 1925 for nonpayment of taxes; that the tax deed duly had been recorded; that more than two years had elapsed from the date of the sale without redemption having been made; and that the petitioner held title under the deed. The respondent filed an answer on December 22, 1928, in which he alleged that he was the owner of the land by conveyance thereof to him; that the grantor in the conveyance had had no notice of the petition; and that he wished to redeem. The judge who heard the petition made no finding with reference to the petitioner's title, but found that in 1915 the land had been conveyed by its then owner to a "straw" for himself; that it had been sold in 1917 and 1918 for nonpayment of taxes; that in 1919 the holder of those tax titles had released all his interest thereunder to a second "straw" for the former owner, who forthwith had conveyed the land to one who the next day had conveyed it to the second "straw"; that the second "straw" had conveyed the land to the respondent in 1928; and that there had been no conveyance to the respondent from the first "straw." The judge's decision, filed on June 21, 1929, allowed the respondent to redeem on the payment of a certain sum to the petitioner. *Held,* that

(1) Although there was no finding as to the petitioner's title, it must be assumed from the allowance made to him that the judge found that he had some interest in the land;

(2) There was no error in the decision by the judge.

PETITION, filed in the Land Court on May 13, 1927, and afterwards amended, to foreclose a tax title.   . .

The petition was heard by *Davis*, J.   The respondent's answer, filed on December 22, 1928, material facts found by the judge and his decision are stated in the opinion. The petitioner appealed.

*M. R. Pihl*, for the petitioner.

No argument nor brief for the respondent.

CROSBY, J.   This is a petition to foreclose a tax title in accordance with the provisions of G. L. c. 60, §§ 64–74. The respondent Tilden (herein called the respondent) filed an appearance, and in his answer alleged that by virtue of a deed duly recorded from one Margaret E. Nichols, one of the respondents, he is "the owner of the land which is sought to be foreclosed . . . that Margaret E. Nichols never had any notice of the pendency of this action," and that he as grantee under said deed wishes to redeem upon such terms as may be determined by the court.   A hearing was held by a judge of the Land Court who decided in favor of the respondent, and the case is before this court on appeal by the petitioner.

The petition alleges that the land in question was sold on April 29, 1925, for nonpayment of taxes by the city of Boston "by instrument duly recorded on May 15, 1925," and that the petitioner holds title under said instrument. No question appears to have been raised respecting the petitioner's title, but apparently from the decision of the Land Court only the right of the respondent to redeem was in issue.   No finding of the judge contains reference to the petitioner's title, but the case is treated on the assumption that the allegations in the petition are true, that two years have elapsed between the tax sale and the bringing of the petition, and that all proceedings in reference to the acquisition of the tax title by the petitioner were valid.

The judge made the following findings: Title to the land in question was in one Wilson, who died in 1900 testate, devising all his real estate in trust.   In 1915 the surviving executor under the Wilson will sold the land under license of the Probate Court to one Patterson, who was a straw man for the Wilson estate.   In 1917 the land was sold to one Chadwick for nonpayment of taxes assessed to the

trustees of the Wilson estate. In 1918 the land was again sold to Chadwick for nonpayment of taxes assessed to Patterson. In April, 1919, Chadwick released all his interest under both tax titles to one Nichols, a straw for the Wilson estate. In 1919 the surviving trustee of the Wilson estate, acting under a license from the Probate Court for the purpose of terminating the trust, conveyed to one Yuill, by deed in which various beneficiaries under the Wilson will joined. The next day Yuill conveyed all right and interest in the land to Nichols. In 1928 Nichols conveyed to the respondent, who is trustee under a trust indenture having nothing to do with the Wilson estate. There is no conveyance from Patterson; he is now deceased. On these findings the judge allowed the respondent to redeem on or before July 29, 1929, on payment to the petitioner of $176.55, an amount found to be sufficient to cover the original sum, costs, interest and other amounts to which the petitioner would be entitled under G. L. c. 60, § 68, including a reasonable counsel fee.

There is nothing in the record to show specifically what title the petitioner claims to have in the land. Although the petition recites that it was sold on April 29, 1925, for nonpayment of taxes, that the tax deed was duly recorded, that more than two years from the date of the sale have elapsed and no redemption has been made, that the deed was recorded within thirty days from the date of sale and that the petitioner holds title under the deed, there is no reference to such a tax sale in the findings of the judge. It may be assumed, however, from the allowance made to the petitioner, that he was found to have had some interest in the land but there is nothing to show that such interest was superior to that of the respondent.

Until the consummation of foreclosure proceedings the purchaser at a tax sale holds title merely as security for repayment of the purchase price, together with all intervening costs and terms imposed for redemption including charges with interest thereon. G. L. c. 60, § 45. This legal situation of necessity continues after the two-year period provided for in G. L. c. 60, § 62, because not until

the expiration of that period is the holder of the tax title entitled to petition for foreclosure. G. L. c. 60, § 65. See Report of Joint Special Committee on Consolidating and Arranging the General Laws, 511, § 3.

One entitled to redeem under § 70 is described in § 68 as "Any person claiming an interest" in the land. "Interest" in land in common speech includes "every kind of claim to land which can form the basis of a property right." *Union Trust Co.* v. *Reed*, 213 Mass. 199, 201. Section 68 requires that any person claiming an interest in land, if he desires to redeem, shall file an answer setting forth his right in the premises, together with all matters which "in equity and good conscience entitle him to redeem . . ." The same section further provides that the court shall hear the parties, and, "if good cause is shown therefor," may make a finding allowing the party to redeem.

It is the contention of the petitioner that "good cause" means the same thing as "matters in equity and good conscience"; that "good cause" has not been shown, and therefore the court was without authority to allow the respondent to redeem. These two clauses in § 68 are to be construed together; rightly interpreted they mean that if in equity and good conscience one is entitled to redeem, good cause is shown therefor. Section 68 was amended by statute of 1929, c. 207, which became operative September 1, 1929. It provides that the court shall hear the parties and may "in any case in its discretion" make a finding allowing a party to redeem. As the decision of the Land Court was filed June 21, 1929, the amendment is not applicable to the case at bar. There was no error of law in the finding of the judge, and the entry must be

*Decision affirmed.*