JOSEPH E. THOMAS *vs.* NORMAN W. HAINES & others.

Suffolk.     October 3, 1933. — December 30, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Mortgage,* Of real estate: accounting after foreclosure. *Tax,* Sale, Redemption. *Statute,* Amendment, Construction.

A purchaser at a sale of land for collection of a tax assessed thereon takes his title subject to the law relating to redemption of lands from tax sales as it stands at the time of the sale.

St. 1925, c. 51, changing the time, within which one having an interest in land sold for the collection of a tax assessed thereon might redeem,

from two years to "any time prior to the filing of a petition [in the Land Court] for foreclosure under" G. L. c. 60, § 65, was not intended to be retroactive so as to apply to tax sales occurring before its enactment.

The owner and mortgagor of real estate, sold in January, 1924, for collection of a tax assessed thereon, had in June, 1926, no right of redemption from the tax sale and therefore was not entitled thereafter to maintain a suit in equity for an accounting against a mortgagee who in June, 1926, had sold the land in foreclosure of his mortgage for a sum greater than the amount which the mortgage was given to secure and the expenses of the foreclosure sale.

BILL IN EQUITY, filed in the Superior Court on November 2, 1931, and described in the opinion.

The suit was heard by *Weed*, J. Material facts found by him are stated in the opinion. From a final decree for the plaintiff entered by his order, the defendant Haines appealed.

*E. V. Grabill*, for the defendant Haines, submitted a brief.

*G. W. Abele*, for the plaintiff.

PIERCE, J. This is a suit in equity by one claiming as owner of the equity of redemption of certain real estate, which was subject to a mortgage, against a foreclosing holder of the mortgage (hereinafter called the defendant), for an accounting as to the alleged surplus in the hands of the defendant after satisfying from the proceeds of a foreclosure sale the requirements of the mortgage conditions. The Standard Oil Company of New York, Inc., by order of court was made a codefendant. It appeared and filed a plea and answer, alleging that, as holder of certain tax titles, it was entitled to have an accounting between it and the defendant alone. The judge found that the "Standard Oil Company is not entitled to such accounting and to the surplus in the hands of the defendant Haines shown thereby." The principal defendant, by plea and answer, contended that on the facts shown on the record the plaintiff at the time of the sale in foreclosure did not occupy a position which entitled him to the accounting he claims or to the relief given him by the final decree. The case was heard by a judge of the Superior Court who made a statement

of his findings and rulings. He ruled that the plaintiff was entitled to an accounting against the defendant Haines in the sum of $452.17 with interest from July 15, 1926, and that the plaintiff is not barred by his own laches from maintaining his bill. There was a final decree for the plaintiff from which the principal defendant appealed. The corporate defendant did not appeal.

The report of material facts discloses, in substance, that the $2,000 note and mortgage described in the amended bill, in 1926, were owned by the administratrix of Hiram W. Phillips, the mortgagee therein named; that the mortgaged property had been sold for the taxes of 1922, on January 9, 1924, for the taxes of 1923, on January 7, 1925, and for the taxes of 1924, on September 29, 1925; that the mortgage note was long overdue and after July 2, 1925, the interest on the mortgage was in arrears; that for the convenience of the administratrix the mortgage was assigned to the defendant; that the defendant's attorney took the matter up with the plaintiff, who had inherited the property mortgaged from the original mortgagor; that the plaintiff was unable to pay the note and foreclosure proceedings were had under the power of sale contained in the mortgage; that the property was sold to Grace L. Donovan for the sum of $2,800 and the property conveyed to her as set forth in paragraph 2 of the bill; that the attorney for the assignee paid out of. the proceeds of the sale to the administratrix the principal and interest due on the mortgage note, paid the charge of the auctioneer and the cost of advertising, and had in his hands a balance of $552.17, from which the court ordered a deduction of $100 as a reasonable attorney's fee, leaving a balance of $452.17. The report states that "The said tax titles are accurately described in Section 1, paragraphs a, b and c, of the defendant Haines's answer; and the further facts therein recited relative to the conveyances of said tax titles by the purchasers thereof [Ida M. Hodsdon and Reginald G. Hodsdon] to Grace L. Donovan on July 13, 1926, . . . and the conveyance by Grace L. Donovan to the defendant Standard Oil Company on September 10, 1931, . . . save as

later noted, and the allegations in the answers of both defendants that said Donovan and said Standard Oil Company are respectively under no obligations to pay said taxes and do not stand in any fiduciary relation to the plaintiff and are not his representive or agent — are true." The deed from Donovan to the Standard Oil Company makes no reference to the tax titles. At the time this suit was begun the plaintiff had made no attempt or offer to redeem the said tax titles, nor had there been any attempt on the part of the purchasers of said tax titles or of said Donovan or of the Standard Oil Company to foreclose the right to redeem the same. A proceeding to foreclose the tax titles was begun, however, in December, 1932, by the Standard Oil Company.

The report further states that "The plaintiff made no claim upon the defendant Haines for an accounting of the surplus of the proceeds realized at the foreclosure sale until on or about October 13, 1931, after the property had been conveyed by Donovan to the Standard Oil Company. Shortly afterwards this suit was begun"; that "No claim for such an accounting appears to have been made at any time by Grace L. Donovan or her predecessor[s] in title under the tax deeds, or by the Standard Oil Company until the filing of its answer on December 3, 1932, to the plaintiff's substitute bill of complaint." The report further states that "It appears from the foreclosure deed and affidavit attached thereto that the mortgaged property was advertised to be sold, and was conveyed — 'subject to any and all . . . tax titles.' I deem it a reasonable inference that the price bid by the purchaser was for the mortgaged property subject to such tax titles as were outstanding." No question of parties is raised. The original purchasers of the tax titles appear to be residents of Vermont.

The trial judge, in view of the facts admitted by the pleadings and upon the demands and notices of the respective parties to admit facts, and upon all of the evidence, found and ruled "that the plaintiff is entitled to an accounting from the defendant Haines of the surplus proceeds realized from said foreclosure sale, and that there is due

and owing the plaintiff from the defendant upon such accounting the sum of $452.17 with interest thereon from July 15, 1926, and that the plaintiff is not barred by his own laches from maintaining this bill." He further ruled "that the defendant Standard Oil Company is not entitled to such accounting and to the surplus in the hands of the defendant Haines shown thereby"; and ordered "a final decree to issue in conformity with the foregoing findings and rulings."

The defendant's contention is that, on the facts shown on the record, the plaintiff at the time of the sale in foreclosure did not occupy a position which entitled him to the accounting he claims or to the relief given him by the final decree. This contention is based upon the ground that right of the plaintiff arises from equitable consideration only, that the mortgage was a paramount encumbrance which included an irrevocable power to sell the whole property, and that the plaintiff's right to a surplus arising on the exercise of this power is subject to liens such as other mortgages, mechanic's liens and judgment liens. This is undoubtedly true as to mortgages, liens and judgments which attach to the equity of redemption subsequently to the mortgage foreclosed, but is not applicable to existing mortgages or other liens which are paramount to the mortgage foreclosed. Such prior mortgages and liens do not carry a right in law or equity to any excess received in foreclosure of a subsequent mortgage. *Wiggin* v. *Heywood*, 118 Mass. 514. *Silva* v. *Turner*, 166 Mass. 407. *Antonellis* v. *Weinstein*, 258 Mass. 323. *Cook* v. *Basley*, 123 Mass. 396. Moreover, here the foreclosure sale was subject to any and all tax titles, and the trial judge made the reasonable inference therefrom "that the price bid by the purchaser was for the mortgaged property subject to such tax titles as were outstanding."

It is to be noted that the defendant Standard Oil Company which acquired tax title to the premises through mesne conveyance from the purchasers at the tax sales of the mortgaged premises, and made claim to an accounting and to the surplus in the hands of the defendant, was denied relief and did not appeal. See *Chute* v. *Cronin*, 273 Mass.

471. It is, therefore, apparent that there are no rights to the surplus outstanding superior to the right, if any there be, of the plaintiff. In this respect the defendant contends that the plaintiff had no interest in the surplus over the mortgage debt, interest and legal charges, because on June 18, 1926, when the property was sold under the power of sale in foreclosure the paramount title to it was in Ida M. Hodsdon who purchased the premises on January 9, 1924, at a sale by the collector of taxes of the city of Quincy for the collection of taxes thereon for the year 1922. It is plain that on January 10, 1926, two years had passed from the date of the first tax sale, and that the plaintiff had no interest in the premises when they were sold on June 18, 1926, under the power of sale, unless St. 1925, c. 51, changed the time, two years, within which one having an interest in the land might redeem from a tax sale to "any time prior to the filing of a petition [in the Land Court] for foreclosure under section sixty-five" of G. L. (Ter. Ed.) c. 60. It was decided in 1904 in *Rogers* v. *Nichols*, 186 Mass. 440, that a purchaser at a tax sale "took his title subject to the law relating to the redemption of lands from tax sales, as it stood at the time of the sale," that is, that the Legislature has power after assessment has been made and before sale to prescribe the conditions under which the redemption may be had if the premises are subsequently sold for non-payment of the assessed taxes. It has been held in many cases collected in a note to 1 Am. L. R. 143 and 38 Am. L. R. 229 that the contractual obligation of a power of sale mortgage or of a deed of trust or of an assessment of taxes is impaired by applying to a foreclosure sale thereunder a statute, enacted since the sale, which granted a time of redemption of property sold where no right of redemption previously existed or extended the period of redemption beyond the time as it existed by statute or contract at the time of sale. In the case at bar it must be assumed that the legislative intent was to extend the time for the redemption of tax titles acquired after its enactment and not retroactively to tax sales had before its enactment. So construed, St. 1925, c. 51, was not applicable to the facts here pre-

sented. Under the law as it existed at the time of the tax sale all rights to redeem therefrom expired on January 10, 1926. It follows that owner and mortgagor of the premises and all persons claiming by, through and under him had no right nor interest in the mortgaged premises as against the purchaser of the tax title, or against the mortgagee, his title in the mortgaged land having been extinguished by the tax sale and expiration of the time of redemption without redemption.

*Decree reversed.*