JOSEPH PAUL *vs.* THOMAS J. LEE & another.

Middlesex.   January 9, 1947. — February 3, 1947.

Present: FIELD, C.J., RONAN, WILKINS, & SPALDING, JJ.

*Taxation*, Real estate tax: redemption, foreclosure of right of redemption.

One who, at the time of the filing in the Land Court of a petition under G. L. (Ter. Ed.) c. 60, § 65, as amended by St. 1933, c. 325, § 12; St. 1938, c. 305, for foreclosure of all rights of redemption under a tax title, was not of record the equity owner, but thereafter became such by recording a deed, and filed an answer offering to redeem before the return day of the petition, properly was found entitled to redeem.

PETITION, filed in the Land Court on September 28, 1945. The case was heard by *Cotton*, J.

*C. J. Redmond*, for the petitioner, submitted a brief.

*A. L. Moore*, for the respondent Lee.

WILKINS, J.   This is a petition in the Land Court for the foreclosure of all rights of redemption under a tax title. G. L. (Ter. Ed.) c. 60, § 65, as amended by St. 1933, c. 325, § 12, and St. 1938, c. 305. The only question is whether the

respondent Lee, who was not the equity owner on the date of filing the petition but who became such and appeared and filed an answer before the return day, is entitled to redeem. The judge found that he was so entitled, and entered an order for redemption. The petitioner appealed.

On September 28, 1945, the date of filing the petition, the equity owner was the respondent Tobey, whose attorney filed, and later withdrew, an appearance in these proceedings. On October 4, 1945, the respondent Lee recorded a deed dated July 3, 1945, from the respondent Tobey, and before the return day filed an answer alleging that he was the equity owner and offering to redeem. The reports of the examiner set forth the deed from the respondent Tobey to the respondent Lee and stated that the latter is the owner of the equity of redemption.

The decision of the Land Court was right. "Until the consummation of foreclosure proceedings the purchaser at a tax sale holds title merely as security for repayment of the purchase price, together with all intervening costs and terms imposed for redemption including charges with interest thereon." *Jenney* v. *Tilden*, 270 Mass. 92, 94. *Fall River* v. *Conanicut Mills*, 294 Mass. 98, 100. *Boston* v. *Barry*, 315 Mass. 572, 574. In G. L. (Ter. Ed.) c. 60, § 66, as amended by St. 1935, c. 224, § 1, it is provided: "Upon the filing of such a petition the court shall forthwith cause to be made by one of its official examiners an examination of the title sufficient only to determine the persons who may be interested in the same, and shall upon the filing of the examiner's report notify all persons appearing to be interested, whether as equity owners . . . or otherwise . . .. The notice . . . shall fix the time within which appearance may be entered and answer filed . . .." In G. L. (Ter. Ed.) c. 60, § 68, as amended by St. 1935, c. 224, § 3; c. 354, § 1; and c. 414, § 3, it is provided: "Any person claiming an interest, on or before the return day or within such further time as may on motion be allowed by the court, shall, if he desires to redeem, file an answer setting forth his right in the land, and an offer to redeem upon such terms as may be fixed by the court. Thereupon the court shall hear the parties, and may in any

case in its discretion make a finding allowing the party to redeem, within a time fixed by the court," upon terms. Under these statutes the time as of which a person may claim an interest is not limited to the date of filing the petition. The respondent Lee was in no way concluded by the withdrawal of the appearance of the respondent Tobey. The judge properly found that the respondent Lee was the equity owner and entitled to redeem.

We do not consider certain requests for rulings presented by the petitioner and denied by the judge, which are not part of the record on appeal. *Harrington* v. *Anderson*, 316 Mass. 187, 193. It may be observed, however, that everything which the petitioner sought to raise therein we have covered in our discussion of the merits.

*Decision affirmed.*