WILLIAM J. DEVINE & another,[1] trustees,[2] vs. TOWN OF
NANTUCKET.

Suffolk.   April 19, 1983. — August 24, 1983.

Present: HALE, C.J., ARMSTRONG, & KASS, JJ.

*Taxation,* Real estate tax:  foreclosure of tax title, redemption, assess-
ment.

Persons who, some eighty years after a town had acquired title to certain
land through a tax sale, paid $200 to the former landowner's heirs for a
quitclaim deed to the land were barred by the two-year limitations
period in St. 1888, c. 390, § 57, from redeeming title to the land.
[550-551]
In the circumstances, persons who, some eighty years after a town had
acquired title to certain land through a tax sale, paid $200 to the form-
er landowner's heirs for a quitclaim deed to the land, were not entitled
to equitable relief by virtue of St. 1888, c. 390, § 76. [551-552]
Persons who, some eighty years after a town had acquired title to certain
land through a tax sale, paid $200 to the former landowner's heirs for a
quitclaim deed to the land were not entitled to an order compelling the
collector of taxes to sell the property as provided by St. 1888, c. 390,
§ 66.  [552-553]
The Land Court's jurisdiction under G. L. c. 60, § 76, and c. 185, § 1(b),
over proceedings for redemption from tax titles includes redemption
cases under the statutory antecedents of c. 60.  [553]

CIVIL ACTION commenced in the Land Court Department
on March 11, 1981.

The case was heard by *Randall, J.*

*John H. Wyman* for the plaintiffs.

*Charles A. Goglia, Jr.,* for the defendant.

KASS, J.   George R. Stimpson, an owner of land on Nan-
tucket, failed to pay his real estate taxes in 1896, and the

---

[1] Gary Darman.

[2] Trustees of D & D Land Trust.

town acquired title to seven lots (containing fifteen and a half acres) through a tax sale in 1898. Eighty-two years later, in 1980, Devine and Darman paid $200 to Stimpson's heirs for a quitclaim deed of those lots[3] and brought an action in the Land Court asserting flaws in the tax sale and their consequent right to redeem the title. We affirm the Land Court's denial of relief, substantially for the reasons stated in a careful and comprehensive decision filed by the Land Court judge.

Under *Thomas* v. *Haines*, 285 Mass. 90, 95 (1933), the law relating to the redemption of land from tax sale is that in effect at the time of the sale. The statutory scheme which governed tax sales in 1898 was St. 1888, c. 390, §§ 30 through 76, and most particularly § 57. Section 57 provided that "[t]he owner of real estate taken or sold for the payment of taxes . . . may *within two years from the day of taking or sale* redeem the estates taken or sold by paying or tendering to the collector, . . . the amount of the tax for which the property was taken," or to the purchaser of the property the amount he paid for it (emphasis supplied). The statute also required the person seeking to redeem to pay charges, fees and intervening taxes. Stimpson's delinquency was $11.75, but in the era after whaling and before Nantucket became a summer oasis, it was apparently too much. He made no effort to redeem.

Until the Legislature in 1915 (by St. 1915, c. 237, §§ 3-15) enacted the present system of foreclosing a right of redemption, "the right of redemption after a tax sale or taking was foreclosed by mere expiration of a certain period of time without notice to the parties." *Kelly* v. *Boston*, 348 Mass. 385, 388 (1965).[4] There was conferred by St. 1888,

---

[3] Devine and Darman conveyed such title as they might have acquired to themselves as trustees of D & D Land Trust.

[4] The provision which now pertains is G. L. c. 60, § 65, which authorizes a petition in the Land Court to foreclose redemption of land taken or sold for taxes six months after the sale or taking. See also G. L. c. 60, § 62, dealing with redemption rights before a petition to foreclose has been filed.

c. 390, § 76, on the Supreme Judicial Court a general equity power regarding tax takings or tax sales if relief were sought within five years from the taking or sale.[5] Stimpson was not moved to act during this period either.

1. *Suspension of cut-off on right of redemption.* Faced with this apparently conclusive expiration of rights of redemption to the lots to which they claim title, the trustees argue that the limitations period in this case never began to run because the collector of taxes failed to sell the lots. Under St. 1888, c. 390, § 66, the collector, "[I]f no person lawfully entitled redeems, *within the time prescribed by law*" (emphasis supplied), was instructed to sell the property acquired by the town "and if, from any cause, such sale shall not be made within two years, as aforesaid, it shall be made by the collector at such time as he deems best or at once upon the service upon him of a written demand of any person interested therein." The flaw in the trustees' position is that the collector, under § 66, may not sell property until the redemption period has expired (see the portion in italics). Whatever may be the consequence of his failure to dispose of tax title property, it cannot logically be to breathe life back into the right of redemption, because if that were so, the collector could not sell the property. That in turn would make nonsense of so much of § 66 as permits the collector to sell the property "at such time as he deems best" or "upon demand." In keeping with familiar canons of construction, we give a statute a reasonable construction. *School Comm. of Greenfield* v. *Greenfield Educ. Assn.*, 385 Mass. 70, 79-80 (1982). *American Family Life Assur. Co.* v. *Commissioner of Ins.*, 388 Mass. 468, 473 (1983). Moreover, there is an interest in the stability of tax titles, an interest which, in the statutory scheme which now per-

---

[5] A similar remedy now appears in G. L. c. 60, § 76. It confers jurisdiction on the Land Court and requires that the action be begun before a petition under § 65 to foreclose the right of redemption has been filed.

tains, finds embodiment in G. L. c. 60, § 64,[6] and is adverted to in case law. See *Lynch* v. *Boston,* 313 Mass. 478, 480 (1943); *Vincent Realty Corp.* v. *Boston,* 375 Mass. 775, 780 (1978); *Hebda* v. *O'Brien,* 6 Mass. App. Ct. 661, 664 (1978).

We are equally unpersuaded by the trustees' suggestion that the two-year limitations period on redemption in St. 1888, c. 390, § 57, does not apply when a city or town is the purchaser at the tax sale. In at least two places, St. 1888, c. 390, indicates to the contrary: *first,* in § 57, which speaks of "two years from the day of taking or sale," without limitation as to who the buyer is; *second,* in § 65, which provides that "[t]he owner of any interest in real estate *purchased and held* by a city or town for payment of taxes may, *if he has a right to redeem the same,* pay . . . all sums required by law for . . . redemption" (emphasis supplied). Manifestly the right to redeem tax title property purchased and held by a municipality could not be thus conditioned on an unexpired right to redeem if the municipality, as a purchaser and holder, could not obtain unconditional title through the passage of time.

2. *Equitable relief.* Similarly unavailing is the trustees' contention that they are entitled to equitable relief under power conferred by St. 1888, c. 390, § 76, and now found in G. L. c. 60, § 76. The argument ignores the requirement in St. 1888, c. 390, § 76, that actions under it be brought within five years from the taking or sale. Nor have the trustees pointed to any inequity. The collector, back in 1898, had made demand (St. 1888, c. 390, § 30), given notice by posting and advertisement (St. 1888, c. 390, §§ 35-37), filed and recorded the required affidavit of demand and notification (St. 1888, c. 390, § 39), and bought the property at a public sale (St. 1888, c. 390, § 48). For all that appears, Stimpson abandoned the property advisedly. The case is altogether unlike *West* v. *Selectmen of Yarmouth,* 345

---

[6] Section 64 provides, in pertinent part: "The title conveyed by a tax collector's deed or by a taking of land for taxes shall be absolute after foreclosure of the right of redemption by decree of the land court as provided in this chapter."

Mass. 547, 549-551 (1963), upon which the trustees rely. In that case the taxpayer received no notice of the unpaid taxes or of a low value foreclosure even though the taxpayer paid, and the town accepted, intervening taxes for subsequent years.

3. *Claimed flaw in assessment.* A third attack which the trustees make on the town's title is that because blocks of lots owned by Stimpson were assessed as units, rather than each lot separately, the tax lien was invalid and the tax sale founded on it was void. The argument is raised for the first time on appeal. No reference to it appears in the complaint or elsewhere in the record. Accordingly, we do not consider it. *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 88 (1977). *Trustees of the Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.,* 369 Mass. 562, 565 (1976). *Bendetson* v. *Coolidge,* 7 Mass. App. Ct. 798, 804-805 (1979). Parenthetically we note that the lots here were contiguous and such lots may often be assessed as a unit. *Marlborough* v. *Poorvu,* 305 Mass. 124, 126 (1940). Contrast *Phelps* v. *Creed,* 231 Mass. 228, 231-232 (1918), where the parcels were distinct, noncontiguous, and at least one mile from each other.

4. *Request for sale.* Finally, the trustees urge that the collector of taxes be ordered to sell the property as provided by St. 1888, c. 390, § 66. Once again, the trustees are without procedural basis for such relief. Their complaint did not request it, the collector of taxes is not a party to the case, and no written demand was made upon him, as § 66 required. Their request for relief was properly denied.

We very much doubt, in any event, that persons such as the trustees, who bought a quitclaim deed of property placed long ago beyond redemption are "persons interested" in sale of the property within the meaning of the statute. Moreover, St. 1888, c. 390, has been replaced in its entirety. There appears in the present statutory scheme, except as to sales of land of low value under G. L. c. 60, § 79, no analogous requirement that a municipality sell tax title land after redemption rights have expired. Indeed, the current

policy is to permit towns to keep tax title land and proceeds of sale if it is sold after foreclosure of redemption rights. See *Kelly* v. *Boston,* 348 Mass. at 388-389. The statutory basis, upon which the trustees seek to compel the sale of the tax title property owned by a city or town, appears to have been superseded by subsequent legislative action. Even assuming, although not so deciding, that the compelled sale provision of St. 1909, c. 490, § 68, still applied to this 1898 tax sale by reason of St. 1915, c. 237, § 20 and St. 1918, c. 257, § 56, it could have been found, after eighty-two years, that the trustees' claim on the collector was barred by laches. See *Garfield* v. *Garfield,* 327 Mass. 529, 534 (1951); *Hebda* v. *O'Brien,* 6 Mass. App. Ct. at 664.

Throughout this opinion, we have skirted a jurisdictional issue raised by the town. This is that G. L. c. 60, § 76, the provision under which the trustees brought their complaint, does not confer jurisdiction over redemption proceedings under the 1888 act. Section 76 is the lineal descendant in G. L. c. 60 of the equitable powers to give relief which appeared in St. 1888, c. 390, § 76. The Land Court, under G. L. c. 185, § 1(*b*), also has general jurisdiction over proceedings for redemption from tax titles. To be sure, the reference is to redemption from tax titles under c. 60. We think that reference to include redemption cases under the statutory antecedents of c. 60. We are disinclined to construe the statute in a manner which deprives of jurisdiction over a tax title case that very court which is best equipped to exercise it. See G. L. c. 212, § 26A.

*Judgment affirmed.*