Town of Lynnfield *vs.* Owners Unknown & others.[1]

Essex. January 7, 1986. — May 6, 1986.

Present: Hennessey, C.J., Liacos, Abrams, Lynch, & O'Connor, JJ.

*Taxation,* Real estate tax: redemption, foreclosure of right of redemption. *Land Court,* Judicial discretion.

General Laws c. 60, § 68, does not confer on the Land Court, in a foreclosure proceeding, complete discretion to deny redemption of property taken for nonpayment of taxes, but limits the court to determining a claimant's ownership in the property, to ascertaining his willingness and ability to pay the taxes due and other appropriate costs, and to setting the terms of the redemption. [473-475]

Petition filed in the Land Court on May 10, 1974.

The case was heard by *Marilyn M. Sulllivan,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Paul M. Osborne* for the defendants.

*S. Peter Gorshel,* Town Counsel, for the plaintiff.

O'Connor, J. In this case, defendants Charles B. Wills and Roger Harris, trustees of the Harwill Realty Trust and of the Newstead Realty Trust, appeal from a judgment of the Land Court foreclosing all rights of redemption with respect to a twenty-acre parcel of vacant land in Lynnfield. The judge below based her decision to foreclose rights of redemption in the property, in part, on her interpretation of G. L. c. 60, § 68 (1984 ed.). The judge ruled that, after a petition for the fore-

---

[1] Charles B. Wills and Roger Harris, trustees of the Harwill Realty Trust and the Newstead Realty Trust; Elizabeth Morris Della Rout; Elizabeth Morris; Ralph G. Stowell, Jr.; Mary E. Bray; Robert James Stowell, Jr.; Bertha Louise Stowell; Grace Stowell Garbin; Hazel Russell, a/k/a Hazel Pyburn; individually and as conservator of Marion E. Preston; Sidney W. Swaine; and Mildred E. Swaine.

closure of redemptive rights has been filed in the Land Court pursuant to G. L. c. 60, § 65 (1984 ed.), the court has complete discretion in deciding whether to allow a party to redeem property taken for the nonpayment of taxes. We hold that G. L. c. 60, § 68, does not confer upon the Land Court complete discretion in this regard. Accordingly, we reverse the judgment with respect to Wills's and Harris's rights of redemption, and we remand the case for further proceedings.

The background of this case, as found by the judge, can be summarized as follows. The land at the center of this dispute abuts the Peabody-Lynnfield town line and is designated as parcel 2055 on the maps of the Lynnfield assessors. In 1972, after efforts to locate the owner or owners of any portion of parcel 2055 had failed, the assessors wrote to the Department of Corporations and Taxation (department), now the Department of Revenue, requesting permission to assess parcel 2055 to persons unknown. As required by G. L. c. 59, § 11, as amended through St. 1971, c. 286, the assessors set forth in the letter to the department the steps they had taken to identify the owners of the property. In September, 1972, the assessors received permission from the department to assess real estate taxes on parcel 2055 to persons unknown.

Once permission to make the assessment was obtained, the town began to take the necessary steps to secure payment of the taxes due on the property. On January 15, 1973, the town made a demand on the unknown owners of parcel 2055 for taxes in the amount of $410.40 and costs and interest totaling $37.76. In September, 1973, in response to the nonpayment of these amounts, the collector of taxes took tax title to parcel 2055, and on May 10, 1974, to perfect its title in the property, the town filed the present petition in the Land Court to foreclose all rights of redemption in parcel 2055.

Sometime prior to the filing of the foreclosure petition, the defendant Wills became interested in acquiring parcel 2055 in connection with a planned development of nineteen homes. In the early 1970s, Wills entered into negotiations with the town regarding the possibility of a land exchange whereby Wills would acquire parcel 2055 or a portion thereof and the town would obtain a "green belt" owned by Wills. Wills and town

officials reached an agreement with respect to this exchange of property, but the motion under the warrant article to approve the agreement was defeated at the town meeting held on May 1, 1980.

After failing to win town approval for the land swap, the defendant trustees began efforts to locate the owners in interest of a portion of parcel 2055 referred to by the parties as the Taylor parcel. The trustees were successful in locating a number of heirs to the Taylor parcel, and they retained an attorney to negotiate the purchase of the heirs' interests in the property. As a result of those efforts, the trustees were able to obtain a 90.5% ownership interest in the Taylor parcel on behalf of the Newstead Realty Trust, an interest which the parties stipulate is sufficient to redeem that portion of parcel 2055 under G. L. c. 60, § 68, if, indeed, anyone has a right to redeem that property. As to the town's contention that the trustees acquired a ninety per cent interest in this portion of parcel 2055 as a result of overreaching, the Land Court judge found that the heirs who sold their interests in the Taylor parcel to the trustees generally seemed to have had the independent advice of counsel with respect to the purchase negotiations. More specifically, the judge found that "the bargaining did not exceed permissible limits."

After acquiring a sufficient ownership interest in the Taylor parcel, on January 16, 1981, the trustees moved to intervene in the foreclosure proceedings pending in the Land Court, and the motion was allowed. The trustees subsequently moved to redeem the property taken for the nonpayment of taxes. The motion was taken under advisement, and the matter proceeded to trial. After trial, during which the arguments of a number of competitors for a piece of parcel 2055 were heard, the judge entered a judgment foreclosing all rights of redemption in the property. Only the trustees appealed from this judgment. We granted the trustees' application for direct appellate review, and we now reverse that part of the judgment which foreclosed the trustees' right to redeem the Taylor parcel.

The judge based her decision to foreclose the trustees' right of redemption in the Taylor parcel on a determination that the

statutory scheme of G. L. c. 60 vested her with complete discretion to deny the trustees' motion to redeem the property. The judge exercised her perceived discretion in favor of the town, in large part, because the trustees had no interest in much of parcel 2055 and they proposed to use the tax title land for a profitable several lot subdivision rather than for conservation. The town desired the land for conservation. On appeal, the trustees argue that G. L. c. 60, § 68, does not confer on the Land Court complete discretion to deny redemption of property taken for the nonpayment of taxes. Rather, the discretion referred to in the redemption provisions, according to the trustees, is limited to determining the time, terms, and conditions of redemption.

Section 68 provides in relevant part in "[a]ny person claiming an interest, on or before the return day or within such further time as may on motion be allowed by the court, shall, if he desires to redeem, file an answer setting forth his right in the land, and an offer to redeem upon such terms as may be fixed by the court. *Thereupon the court shall hear the parties, and may in any case in its discretion make a finding allowing the party to redeem,* within a time fixed by the court, upon payment to the petitioner of an amount sufficient to cover the original sum, costs, interest at the time rate of sixteen per cent per annum and all subsequent taxes, cost and interest to which the petitioner may be entitled under sections sixty-one and sixty-two, together with the costs of the proceeding and such counsel fee as the court deems reasonable. The court may impose such other terms as justice and the circumstances warrant." (Emphasis added.) Literally read, § 68 places no limitations on the discretion of the Land Court judge in considering petitions of redemption. However, when § 68 is read together with the purpose of the tax title foreclosure process and the recognized public policy in favor of the redemption of property ownership rights, we conclude that the discretion contemplated by the Legislature is of a limited nature.

In keeping with the respect with which our society regards the private ownership of property, the long standing policy in this Commonwealth favors allowing an owner to redeem prop-

erty taken for the nonpayment of taxes. *Union Trust Co.* v. *Reed,* 213 Mass. 199, 201 (1912) ("tax redemption statutes, being remedial in their nature, are interpreted liberally in favor of a person seeking to recover his land"). Redemption is no less favored where an individual or entity has acquired an ownership interest in the subject property subsequent to the initiation of foreclosure proceedings by the town. *Paul* v. *Lee,* 321 Mass. 10, 12 (1947). To interpret the redemption provisions contained in c. 60 as conferring unfettered discretion on a Land Court judge to deprive a person of his property despite his willingness to pay taxes due and other appropriate costs is inconsistent with the fundamental right to own property.

Furthermore, such an interpretion of c. 60 does nothing to further the purpose of the tax title foreclosure provisions contained in that chapter. The purpose of those provisions is not to provide municipalities with a method of acquiring property for municipal purposes without paying the owner of the property fair compensation as in eminent domain proceedings. The redemption provisions were enacted by the Legislature to provide municipalities with a mechanism for the prompt collection of delinquent real estate taxes. *Brown* v. *Boston,* 353 Mass. 740, 742 (1968). Thus, the only legitimate interest of a town in seeking to foreclose rights of redemption is the collection of the taxes due on the property, together with other costs and interest. When an owner of property taken for the nonpayment of real estate taxes comes forward with sufficient funds to redeem the property, the purpose of the statute has been fulfilled.

In a recent case, the Rhode Island Supreme Court, in a thoughtful and scholarly opinion, articulated the proper scope of a court's discretion in tax redemption proceedings. *Albertson* v. *Leca,* 447 A.2d 383 (R.I. 1982). Interpreting R.I. Gen. Laws § 44-9-29 (1980), which is virtually identical to the provisions of § 68 quoted above, the court held that, "when the facts elicited at a tax-foreclosure proceeding reveal that the party seeking to redeem is ready, willing, and able to do so, established principles of law and equity require the [court] to allow redemption." *Id.* at 387. The court observed that, al-

though the statutory provision that, after hearing the parties, the court "may in any case in its discretion make a finding allowing the party to redeem," "on its face . . . appears to grant Superior Court justices wide latitude in determining whether redemption shall be granted, the phrase 'in its discretion' is . . . of quite limited meaning." *Id.* at 386. The court ruled that the judge only has discretion "to determine whether the party seeking to redeem can meet the financial burdens imposed by statute, and if he can, on what terms payment to the [town] should be made." *Id.* at 387.

We hold that the discretion contemplated by the Legislature in enacting the redemption provisions of c. 60 is not absolute, but is limited to determining a party's ownership interest in the property and his or her financial capability to redeem, and to setting the terms of the redemption. Accordingly, we reverse that part of the judgment below as it relates to the rights of the trustees to redeem the Taylor parcel, and we remand the case for further proceedings consistent with this opinion.

*So ordered.*