MARJORIE BERNBAUM & others[1] *vs.* TOWN OF NANTUCKET
(and a companion case[2]).

Suffolk. December 6, 1994. - March 2, 1995.

Present: WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Taxation*, Real estate tax: foreclosure of right of redemption. *Real Property*, Foreclosure of tax title.

With respect to takings of land on Nantucket in 1917 and 1924, in which the town brought actions in 1984 to foreclose, a Land Court judge correctly ruled that, under the applicable law, St. 1915, c. 237, parties seeking to redeem the property could assert their rights only by way of answers in the foreclosure proceedings, once such proceedings had commenced; the judge correctly dismissed an action brought in 1991 against the town asserting the parties' absolute right to nonjudicial redemption. [569-570]

CIVIL ACTIONS commenced in the Land Court Department on December 17, 1991.

The cases were heard by *Peter W. Kilborn*, J., on motions for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*J. Owen Todd* for the plaintiffs.

*John Foskett* for town of Nantucket.

WILKINS, J. Each of these actions raises an identical issue concerning the plaintiffs' rights to redeem properties that, in

---

[1]Robert J. Bornstein, Janet Bornstein, Ethel and Margaret Coles, Maureen H. Duggan, Marjorie Engel, Thomas O. Hogan, Jocelyn W. Knowles, Frank Marshall, Suzanne S. Pitman, Victoria M. Robin, Marjorie A. Scarlett, Elizabeth H. Spiegel, and The Amawalk Executive Meeting of the Religious Society of Friends.

[2]Mildred Hanchett, Lois M. Morgan, Noel A. Chisholm, Wayland L. Sturtevant, William F. Sturtevant, Steven B. Anthony, Martha Wilde, Paula Hardie, and Peter Schofield *vs.* Town of Nantucket.

1917 and 1924, respectively, the defendant town took for the nonpayment of taxes. In February, 1984, the town brought actions to foreclose the tax liens on those properties, and answers were filed in each tax foreclosure action. The actions on appeal were commenced in 1991, seeking orders from the Land Court that the town permit the respective plaintiffs to redeem the property on payment of unpaid taxes and other amounts payable. The plaintiffs asserted that they had an absolute right to nonjudicial redemption of the properties.

The parties correctly agree that the plaintiffs' right to redeem their properties is governed by the law in effect at the times of the tax takings. See *Thomas* v. *Haines*, 285 Mass. 90, 95 (1933); *Devine* v. *Nantucket*, 16 Mass. App. Ct. 548, 549 (1983). Their rights are, therefore, to be determined under the statutes in effect following the enactment of St. 1915, c. 237, which remained unchanged until the amendments of St. 1925, c. 51, became effective. What we say in this opinion, therefore, is limited to the relevant time period and may or may not represent current law.

A judge granted summary judgment for the town in each action, and judgments were entered dismissing the complaints. The judge ruled that the plaintiffs could not redeem the properties by a nonjudicial process or by this action. We granted the plaintiffs' joint application for direct appellate review. We affirm the judgments.

As the judge noted in his thorough decision and order, the relevant statutory provisions are not easily reconcilable. A delinquent taxpayer could redeem the property "within two years after the taking." St. 1909, c. 490, Pt. II, § 59, as amended by St. 1915, c. 237, § 16. After two years from a tax taking, the town had the right to bring a petition in the Land Court for the foreclosure of all rights of redemption. St. 1915, c. 237, § 4. Any person claiming an interest had to file an answer "setting forth his right in the premises, together with all matters which in equity and good conscience entitle him to redeem." St. 1915, c. 237, § 7. If good cause were shown, the judge "may make a finding allowing the party to redeem." *Id.* Such foreclosure proceedings have

been commenced, answers have been filed, and no further action has been taken on those cases, which, we are advised, are still pending.[3]

It is reasonably clear that, although a delinquent taxpayer could redeem the property within two years of a tax taking simply by paying amounts due (and that at the end of the two years the right to nonjudicial redemption terminated), the passage of two years did not terminate all rights of a delinquent taxpayer or a successor in interest. In addition to the right to bring an action to redeem if foreclosure proceedings had not been commenced (see n.3 above), a delinquent taxpayer could assert a right to redeem in a foreclosure proceeding brought by the municipality. See *Boston* v. *Barry*, 315 Mass. 572, 574 (1944); St. 1915, c. 237, § 1, adding a sentence to the 1909 act, and § 3. Thus, the statement in *Thomas* v. *Haines*, 285 Mass. 90, 95-96 (1934), that after two years from a tax sale (and, we add, a tax taking), a delinquent taxpayer had no interest in the premises, cannot fairly be read so broadly as to mean that all rights to redeem property terminated after two years. See *Jenney* v. *Tilden*, 270 Mass. 92, 94-95 (1930). If so, foreclosure proceedings would be unnecessary. Only nonjudicial redemption was terminated by the passage of two years.

The judge rightly dismissed the actions. Once foreclosure proceedings were commenced, the plaintiffs' rights to redeem could only be asserted by answers in those foreclosure proceedings. We do not read the judge's decision and order or the judgments as ruling that the plaintiffs are foreclosed from asserting their rights in the pending foreclosure proceedings.

---

[3]Under St. 1915, c. 237, § 15, the Superior Court had jurisdiction as to redemption in all cases of the taking of land for nonpayment of taxes if relief were sought before proceedings for the foreclosure of the right of redemption were begun in the Land Court. Because these actions were commenced after the foreclosure actions were brought in the Land Court, we need not consider whether these actions otherwise might have properly been treated as equivalent to actions under § 15.

Bernbaum *v*. Nantucket.

It is not our current task to define the proof that the plaintiffs here must make as defendants in the foreclosure actions. There is, moreover, no basis on the summary judgment record to decide whether the plaintiffs can meet whatever standard is set forth in St. 1915, c. 237, § 15. Surely, they must establish an interest in the properties warranting their assertion of a right to them.[4] St. 1915, c. 237, § 7. Moreover, the plaintiffs must make a showing that in equity and good conscience they are entitled to redeem. *Id*. The judge may allow redemption only if good cause is shown therefor. See *Jenney v. Tilden, supra* at 95. This hurdle is higher for the delinquent taxpayer than that identified under current law in *Lynnfield* v. *Owners Unknown*, 397 Mass. 470, 473-474 (1986). It is sufficient to say that the language of G. L. c. 60, § 68 (1992 ed.), construed in *Lynnfield* v. *Owners Unknown, supra*, is more favorable to one seeking permission to redeem than the language of the 1915 act (§ 15).[5]

*Judgments affirmed.*

---

[4]The summary judgment record did not demonstrate conclusively that any plaintiff lacked an interest in the premises, although only three plaintiffs made an affirmative showing of an interest in one or the other of the properties.

[5]Statute 1990, c. 334, concerning tax titles in Nantucket has no bearing on the issues in this case.